James S. Brown,
Justice of the Supreme Court and Acting Surrogate. The petitioner institutes this proceeding to have the compensation of the respondents, her former attorneys, for legal services rendered to her in this estate fixed and determined. Petitioner is the widow of testator, one of the four executors of the estate and the legatee and devisee of one half of the net estate. The respondents have filed their answer to the petition setting up, in general terms, the services rendered by them to petitioner, as coexecutrix and as beneficiary. They admit payments on account of their services and ask that their compensation be determined and direction for payment thereof and that their disbursements be allowed and paid. The answer places no value on the services rendered.
Issue was joined in the proceeding by the filing of respondents ’ answer and they have the burden of proving the nature and extent of the services rendered and the value thereof and petitioner is entitled to be apprised of respondents’ claims through particulars of such services and respondents’ evaluation thereof. (Matter of Martin, Brown, Acting Surrogate, N. Y. L. J., Sept. 27, 1962, p. 14, col. 1.)
Respondents served upon petitioner’s present attorneys a demand for the examination before trial of petitioner pursuant to sections 288 and 290 of the Civil Practice Act, and production of all writings, documents, correspondence and records pertaining to the subject matter of the examination pursuant to section 296 of the Civil Practice Act. The petitioner now moves for the vacatur of the notice of her examination before trial on the ground that her examination is not material and necessary, that the interests of justice would not be subserved by such examination, or, in the alternative, staying such examination until respondents furnish an affidavit of their legal services. A demand for a bill of particulars by respondents has since been served on them and filed.
The court is aware of the fact that an examination before trial may be directed before a bill of particulars is required. However, such procedure is ordinarily followed where the information sought to be elicited on the examination is needed for preparation of the bill of particulars. The rule is not inflexible and the situation here is such that the petitioner should be fully apprised of the nature and extent of the services rendered by the respondents for which they seek to be compensated. The respondents should know and their records will, undoubtedly, indicate exactly what services they have rendered to the petitioner as a coexecutrix and as a beneficiary under testator’s *516 will and there would appear to be no reason why they may not now prepare their affidavit of services or a bill of particulars.
The respondents argue in their affidavits that they seek the examination of petitioner, inter alia, as to her “ recalcitrance, her refusal to co-operate or to follow our advice ” and “for the purpose of establishing, by her own evidence, that after much negotiation with our adversaries, and with her active participation, we had made tentative arrangements for the settlement of all important matters in controversy ”. The court fails to comprehend why such an examination is necessary at this time and before the service of a bill of particulars.
The respondents will be required to serve upon petitioner’s attorneys in accordance with the demand therefor, which is in accord with the usual practice of this court in such proceedings in reference to the particulars requested within 30 days of the service upon them of the order to be made herein. The motion to vacate the notice for the examination of the petitioner is granted.
Upon service and filing of the bill of particulars as herein directed the court will then entertain an application as to the scope of the examination of the widow before trial. It may be that after service and filing of the bill of particulars the examination will be shortened by concessions and stipulations. Settle order on notice.