■ In the Matter of the Estate of LESTER MARTIN, Deceased. SYLVIA MARTIN, Appellant; JANE L. M. GINSBURG et al., Respondents.—Appeal by Sylvia Martin, one of three executors, from an order of the Surrogate's Court, Kings County, dated December 30, 1963, which granted the application of the other two executors (the respondents Ginsburg) to determine the controversy between them and the appellant in respect of certain payments on account to be made to the said respondents' accountants and tax counsel; which directed the respondents to make such payments; and which imposed the following terms and conditions: (1) that respondents should assume responsibility for said payments: (2) that the payments should be without prejudice to the right of appellant or any other interested person to raise in any appropriate proceeding any question as to the amount or propriety of said payments; and (3) that if it should be determined that said payments were improper or excessive, then respondents should be surcharged with the amount of such payments or overpayments and the accountants and tax counsel should be required to refund to the estate the amount thereof. Order affirmed, with $10 costs and disbursements to each party filing a brief, payable out of the estate. A settlement agreement entered into between the parties and others provided, among other things, that "so long as Sylvia Martin shall be an executrix, any and all things to be done in the operation and administration of the estate shall require her approval and joinder therein". The parties also agreed that "any controversy or difference in the performance or enforcement of this agreement which they cannot resolve among themselves, shall be submitted to and determined by the court." We are of the opinion that the court, under sections 40 and 222 of the Surrogate's Court Act, had jurisdiction to determine the controversy, submitted to it pursuant to the provision of the agreement last quoted (cf. *Matter of Raymond* v. *Davis*, 248 N. Y. 67, 72; *Matter of Stevens*, 261 App. Div. 48). We are also of the opinion that, under the circumstances presented by this record, the court did not abuse its discretion in authorizing the payments on account as requested by respondents. Appellant does not contend that respondents, their accountants or tax counsel are or will be financially unable to comply with any directions of the court which may ultimately be made with respect to improper or excessive payments; and the interests of the estate are adequately protected by the provisions of the order for the surcharge of respondents and the refund by tax counsel and the accountants of any such improper or excessive payments. Beldock, P. J., Christ, Brennan and Hopkins, JJ., concur; Kleinfeld, J., not voting.