KRONISH, LIEB, SHAINSWIT, WEINER & HELLMAN, Appellant, v. HOWARD STORES CORPORATION, Respondent.— Order, Supreme Court, New

York County, entered February 26, 1974, to the extent it dismisses plaintiff's first cause of action, is unanimously reversed, on the law, and defendant's motion to dismiss the first cause of action is denied. Appellant shall recover of respondent $60 costs and disbursements of this appeal. The papers on this submission present an issue of fact as to whether the legal services of the plaintiff law firm had been completed prior to the making of the modified retainer agreement of August 17, 1972. Special Term erred in assuming this agreement was successive to the settlement agreement between the defendant and the other party litigant, Genesco, Inc. And further, contrary to the claim of defendant, where a lawyer is discharged voluntarily by a client, the lawyer may sue in *quantum meruit*. He is not limited to the amount he would have been entitled to under a retainer. (*MacAvoy* v. *Schramme*, 238 App. Div. 225, affd. 263 N. Y. 548.) When services of the attorney are incomplete at the time of discharge, the lawyer is relegated, as a matter of law, to a suit in *quantum meruit*. (*MacAvoy* v. *Schramme, supra.*) The record on this appeal discloses that there is, at the very least, a question of fact as to when or if the plaintiff law firm was discharged by defendant's house counsel and the status and worth of the firm's services. Even if the services, for which the plaintiff was retained, had been completed prior to discharge, the plaintiff would still be entitled to sue in *quantum meruit.* (*MacAvoy* v. *Schramme, supra*; see, also, the majority opinion by Hubbs, J., in *Matter of Montgomery*, 272 N. Y. 323, 327, erroneously cited by Special Term in support of its opinion.) Concur — McGivern, P. J., Kupferman, Murphy, Lupiano and Lynch, JJ.