(February 13, 1986)

■ In the Matter of the Estate of CLAIR B. GUTCHESS, Deceased. THEODORE FENSTERMACHER, Respondent-Appellant; DOROTHY E. MCLENON, as Administratrix of the Estate of ERLENE M. GUTCHESS, Deceased, Appellant-Respondent.—Levine, J. (1) Cross appeals from an order of the Surrogate's Court of Cortland County (Mullen, S.), entered April 4, 1984, which awarded counsel fees to petitioner, (2) cross appeals from a decree of said court, entered May 3, 1984, which awarded petitioner a deficiency judgment, and (3) appeal from an order of said court, entered May 25, 1984, which directed respondent to pay $2,500 to the court or file an undertaking with the clerk of the court.

Clair B. Gutchess died testate on July 3, 1978. He was survived by his wife, Erlene M. Gutchess, and six children from a prior marriage. The principal assets of Clair's estate consisted of his residence in Naples, Florida, a summer residence in Onondaga County, a home on James Street in the City of Cortland (the James Street property) and an unfunded pension from the business he had recently sold to one of his sons. His will left Erlene one third of his estate, including the Naples, Florida, property. She was not named as an executrix. Shortly after Clair's death, petitioner, Theodore Fenstermacher, a Cortland attorney and neighbor of the Gutchesses, appeared and acted on Erlene's behalf in dealing with the executors and attorneys for the estate. He also pressed a claim against the estate on her behalf in connection with the James Street property, which had been conveyed to Clair in 1969 by the then owners who were represented in the sale by petitioner. A contract of sale for the James Street property had been signed by both Clair and Erlene and it was not until Clair's death that Erlene discovered that the property was conveyed solely to Clair. Petitioner commenced a separate action on Erlene's behalf to impress a constructive trust on the James Street property. Petitioner also reported to and accepted instructions from Erlene's Florida counsel with regard to matters involving Clair's estate.

Erlene died on January 24, 1979 as a resident of Naples, Florida. In early February, petitioner received a telephone communication from an attorney in Schenectady informing him that Erlene's representative contemplated replacing him in the claim against the James Street property. Petitioner nonetheless continued to receive requests and instructions concerning Clair's estate from the Florida attorney represent-

ing Erlene's estate and also continued his representation in the action to impress a trust on the James Street property.

On or about August 1, 1979, petitioner was formally discharged and the Schenectady attorney who had previously contacted him was substituted as attorney in the James Street litigation. Petitioner rendered a final bill for aggregate legal services and disbursements in the sum of $7,570.10. When this remained unpaid, petitioner brought the instant application pursuant to SCPA 2110 to fix his fees for legal services rendered Erlene and her estate in connection with the administration of Clair's estate.

Following evidentiary hearings, the Surrogate awarded petitioner a fee of $15,625 as quantum meruit compensation for his services, with interest at the rate of 6% from August 1, 1979 to June 24, 1981 and 9% thereafter, plus costs and disbursements. The court disallowed petitioner's request for an additional award of fees incurred in the course of litigating his claim before Surrogate's Court and this court, finding that the evidence did not establish bad faith on the part of respondent sufficient to justify such a recovery of additional costs. These cross appeals ensued.

Respondent's first point argues that petitioner's claim should have been disallowed in its entirety because the proof that Erlene retained him in connection with her rights in and claims against her husband's estate was barred under the Dead Man's Statute (CPLR 4519). Unquestionably, petitioner was permitted at the hearings to testify concerning communications between him and Erlene in violation of the statute. However, the Surrogate specifically found that the weight of the evidence independent of petitioner's testimony on such transactions supported the existence of an attorney-client relationship concerning Clair's estate. Our reading of the record, notably correspondence between Erlene and the attorney for Clair's estate in which she designated petitioner as her representative and correspondence with petitioner on her behalf by her Florida counsel, is consistent with the Surrogate's conclusion.

Next, petitioner contends that any award should have been limited to services performed before Erlene's death. Respondent is correct that the death of a client automatically terminates the attorney-client relationship (Hart v Blabey, 286 NY 75). However, the attorney may continue to act in matters pending at the client's death if authorized to do so by the client's personal representative (6 NY Jur 2d, Attorneys at Law, § 56, at 519). There was clearly sufficient evidence to

support an inference that such was the case here, including requests from the Florida attorney for Erlene's estate that petitioner appear on motions in the James Street action, similar requests for advice and assistance, and assurances that Erlene's heirs would not "be opposed to a reasonable fee in this matter since I have advised all of them that you expect to be reimbursed". This afforded a proper basis for an award for petitioner's services in quantum meruit (see, Matter of Jerly Realty Corp., 42 AD2d 994; 7 NY Jur 2d, Attorneys at Law, § 160, at 68). We are equally unpersuaded by respondent's contention that petitioner's claims arising out of services performed in the James Street litigation should be disallowed on the basis of a conflict of interest, since petitioner had drafted the deed conveying the property solely to Clair on behalf of his then clients, the sellers. Petitioner's former clients were not joined in the James Street action, nor was any claim of wrongdoing asserted against them. Therefore, we fail to perceive any disqualifying conflict of interest on petitioner's part.

We reach a different conclusion with respect to the amount of the Surrogate's award. The fixation of counsel fees is to be determined on the basis of such factors as the time required; the complexity of the issues involved; the skill required to handle the problems presented; the lawyer's experience, ability and reputation; the amount involved and benefit resulting to the client from the services; the customary fee charged by members of the Bar for such services; the results obtained; and the responsibility involved (Matter of Freeman, 34 NY2d 1, 9). The Surrogate accepted petitioner's assertion in his petition that he spent an aggregate of some 125 hours performing legal services for Erlene and her estate and fixed the rate of compensation at $125 per hour. The actual proof at the trial of the time spent by petitioner on the various matters involving Erlene's interest in and claims against the estate of her late husband fell far short of that figure. Respondent was entitled to be fully apprised of the nature and extent of petitioner's services (see, Matter of Martin, 37 Misc 2d 514, 515, affd 21 AD2d 673). The Surrogate was impressed with the size and complexity of Clair's estate. However, those factors bore little if any relationship to the specific issues to which petitioner's services were addressed. The most difficult issue concerning the administration of Clair's estate was the valuation for estate tax purposes of Clair's unfunded pension which survived his death. There was no evidence that petitioner participated in any way in resolving that issue. Apart from

Erlene's claim to full survivorship rights to the James Street property, much of petitioner's services were of a routine nature, involving the mechanics of transferring title to property and providing advances to Erlene, over which there was little if any dispute. As to the James Street litigation, while perhaps the legal issue may have been novel and challenging, the net value of the property was approximately $20,000, and Erlene was entitled to a one-third share thereof under her husband's will in any event. Petitioner's services in that matter consisted mainly in research, drafting the complaint, preliminary negotiations and appearances on the estate's motion to dismiss in order to seek adjournments. Subsequent to petitioner's discharge, the James Street action was discontinued as a part of a settlement of all of Erlene's claims. Her actual share of Clair's estate under the settlement reflected nothing more than the value of the estate as finally determined in the estate tax proceedings. Therefore, the evidence does not support the conclusion that petitioner's representation on Erlene's claim to full ownership of the James Street property produced significantly favorable results.

We do not disagree with the Surrogate's appraisal of petitioner's high standing at the Bar and his special expertise in estate matters. However, on the basis of the foregoing, we find that petitioner failed in his burden of establishing the value of his services to an extent justifying an award of $15,625, particularly in light of the final bill he rendered for such services in an amount less than half of the award. Applying the criteria previously described, we are of the view that the award should be reduced to $10,625, plus interest, costs and disbursements, and that the matter should be remitted for the computation of a final award consistent herewith, and an appropriate disposition of the sums due respondent from Clair's estate which are presently being held pending final determination of the instant proceeding. We have reviewed the matters raised by the cross appeals and find no basis for disturbing the Surrogate's disposition thereof.

Order entered April 4, 1984 modified, on the law and the facts, without costs, by reducing the award of counsel fees from $15,625 to $10,625 and remitting the matter to the Surrogate's Court of Cortland County for further proceedings consistent herewith, and, as so modified, affirmed.

Decree entered May 3, 1984 reversed, on the law and the facts, without costs, and deficiency judgment vacated.

Order entered May 25, 1984 affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.