■ Lois Schneider, Respondent, v Harold W. Grubart, Appellant.—In an action to recover on several promissory notes, the defendant appeals from (1) an order of the Supreme Court, Queens County (Bambrick, J.), dated March 18, 1987, which terminated a stay of the enforcement of a default judgment of the same court, dated March 11, 1987, against him, and (2) an order of the same court, dated October 30, 1987, which denied his motion to vacate the default judgment.

Ordered that the orders are affirmed, with one bill of costs.

The record establishes that the instant action had appeared on the Trial Calendar numerous times commencing in January 1986 and that on the last three occasions, the case was marked "FINAL". On March 9, 1987, the defendant did not appear in court, but his attorney appeared solely in order to request yet another adjournment. The application was denied and trial was set down to begin on March 10, 1987. However, neither the defendant nor his attorney appeared on that date, and, therefore, a default judgment was entered against the defendant. In seeking to vacate that judgment, the defendant argues that there was an improper substitution of parties after the death of the plaintiff, asserts law office failure, and contends that he has a meritorious defense.

Although the death of a client automatically terminates the attorney-client relationship (Hart v Blabey, 286 NY 75), the attorney may continue to act in matters pending at the client's death, if authorized to do so by the client's personal representative. In the instant case there was sufficient evidence to support the inference that plaintiff's counsel was so authorized to continue the action (see, Matter of Gutchess, 117 AD2d 852, lv denied 68 NY2d 609).

In any event, an oral application to substitute the administratrix of the plaintiff's estate as the party plaintiff was made on January 26, 1987, in open court and in the presence of the defendant, an attorney with 50 years' experience, who did not oppose the application. The application was granted.

Contrary to the defendant's contentions, the record does not establish a mere law office failure, but rather a deliberate desire on the part of the defendant to delay the action and the lack of a good-faith intention to defend. No excuse has been offered as to why neither the defendant nor his attorney

appeared for trial on March 10, 1987, even though they were both aware that the application for an adjournment had been denied. Under the circumstances, the failure to appear was intentional *(see, Hohenberg v 77 W. 55th St. Assocs.,* 118 AD2d 418, *lv denied* 68 NY2d 604, *lv dismissed* 68 NY2d 753). Furthermore, the defendant has failed to establish any meritorious defense to the underlying action. Accordingly, the Supreme Court properly refused to vacate the default judgment *(see, Association for Children with Learning Disabilities v Zafar,* 115 AD2d 580, *lv dismissed* 67 NY2d 607). Kooper, J. P., Sullivan, Harwood and Balletta, JJ., concur.