■ East Island Association, Inc., Appellant, v Ada Carbone, Respondent.—In an action to enforce a restrictive covenant, the plaintiff appeals from an order of the Supreme Court, Nassau County (Robbins, J.), entered December 24, 1987, which denied its motion pursuant to CPLR 2221 to vacate an order of the same court, dated October 29, 1987, and entered upon its default, which dismissed the complaint for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

We find that the Supreme Court erred in its conclusion that the plaintiff sought reargument. Rather the plaintiff sought vacatur of the order dated October 29, 1987, entered upon its default (CPLR 2221). It is well settled that to support a motion to vacate a default the movant must show a reasonable excuse for the default and that the action or defense is meritorious *(see, e.g., Schneider v Grubart,* 143 AD2d 182; *Swain v Janzen,* 121 AD2d 378). Even if the plaintiff could provide a reasonable excuse for its default in opposing the motion to dismiss the complaint, it has failed to demonstrate by acceptable proof that it has a meritorious claim against the defendant. Therefore, vacatur of the default is not warranted.

The restrictive covenant relating to the defendant's property and which the plaintiff seeks to enforce provides that "[n]o structure shall be erected, altered, placed or permitted to remain on any plot upon which no construction at present exists other than one single family dwelling not to exceed two and one half stories in height and a private garage for not more than two cars; which garage shall, however, be constructed to form a part of the main dwelling".

The subject property has been improved with a one-story

dwelling with a detached garage since before 1958. In 1984 a one-story masonry extension was attached to the garage for use as a bathhouse and the defendant received a certificate of occupancy therefor. The plaintiff concedes that RPAPL 2001 (2), which requires an action to enforce a restrictive covenant relating to structures which may be erected on the deeded property to be commenced within two years of the completion of the structure, bars any action to remove the detached garage. RPAPL 2001 (2) also precludes any action to remove the extension to the garage. However, the plaintiff argues that the defendant's "conversion" of the extension to the garage, from a bathhouse to a guesthouse for which a certificate of occupancy issued in October 1986, served to revive its cause of action and its action commenced within two years of the issuance of the October 1986 certificate of occupancy was timely (RPAPL 2001 [3] [a], [b]). We disagree.

No external alteration was made to the structure to effect this conversion. As such, the change of use did not constitute a "replacement, enlargement or alteration of a previously existing structure" such that the certificate of occupancy issued in October 1986 would be deemed the date of completion of the structure (RPAPL 2001 [3] [a]). The provisions of this statute were designed to address violations created by "the existence, location or outward characteristics of the structure itself, and not merely by a use to which it is put" (Recommendation of NY Law Rev Commn relating to presumption of release of right to enforce certain covenants restricting use of land or right of action for damages for breach of restriction, 1963 Report of NY Law Rev Commn, at 345, 346). Accordingly, the change in use does not renew the cause of action on the original violations and the claim predicated upon the conversion is also untimely.

In view of the foregoing, the plaintiff has failed to meet its burden of demonstrating a meritorious claim. Therefore, the denial of the motion to vacate was proper. Mangano, J. P., Thompson, Bracken and Eiber, JJ., concur.