(December 30, 1993)

■ In the Matter of the Liquidation of UNION INDEMNITY INSURANCE COMPANY. SOLCO PLUMBING SUPPLY, INC., Appellant. [605 NYS2d 756] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered November 13, 1992, confirming the Referee's report which found that the Liquidator is required to pay Solco the sum of $11,703.14 and disallowed the rest of Solco's claim including its claim for interest, unanimously modified, on the law, to the extent of rejecting that

part of the Referee's report which disallowed the claim for $71,946 plus interest, allowing such claim and directing that the Liquidator is required to pay Solco the additional sum of $71,946 plus interest pursuant to CPLR 5004 from May 24, 1985, and, as so modified, the order is otherwise affirmed, without costs.

On May 20, 1983, Tech Heating & Mechanical, Inc., which on the same day entered into a subcontract for mechanical work at the Judge Gilbert Ramirez apartments in the Bronx, obtained, as principal, a "Subcontract Labor and Material Payment Bond" from the now defunct Union Indemnity Insurance Company of New York, as surety, in the amount of $625,000 in favor of the general contractor Anthony Marino Construction Corp., as obligee, for the use and benefit of claimants. In pertinent part, the bond provided that every claimant (defined as one having a direct contract with the principal for labor, material or both) who has not been paid in full within 90 days of the last date on which it performed work or furnished materials may sue to recover on such bond. The bond further required that any suit had to be commenced within one year following the date on which the principal ceased work on said subcontract.

Although the subcontract between Marino and Tech was made a part of the bond by reference, there is nothing in the bond incorporating the agreement between Tech and Solco, which agreement, according to Solco's vice-president, was oral. Moreover, neither the subcontract between Marino and Tech, nor the minutes of the hearing before the Referee are included in the record on appeal. The issue thus presented is whether Solco's acceptance of a series of seven promissory notes totalling $71,946 from Tech in payment for supplies delivered to the Ramirez project through May 31, 1983, which notes were payable at monthly intervals from March 27, 1984 through September 24, 1984 and were eventually dishonored when presented for payment as they came due, can, on the present record, be said to have altered the terms of the contract between Solco and Tech.

Tech ceased work at the project as of January 3, 1984, but Solco did not commence suit on the bond until May 24, 1985. Union Indemnity refused payment on Solco's claim and shortly thereafter, on July 16, 1985, Union Indemnity was liquidated. Solco then filed a proof of claim dated March 10, 1986 with the New York State Liquidation Bureau seeking $103,245.55 for plumbing supplies sold to Tech between Octo-

ber 1982 and October 1984 for inclusion in the Judge Gilbert Ramirez project.

The general rule of contracts, which governs suretyship, is that the creditor (Marino) and the principal debtor (Tech) may not alter the surety's (Union Indemnity) undertaking to cover a different obligation without the surety's consent, the rationale being that an obligation is altered when the debtor is discharged from the original contract and a new contract is substituted in its place *(Bier Pension Plan Trust v Estate of Schneierson,* 74 NY2d 312, 315; *see also, Becker v Faber,* 280 NY 146, 148-149, 151; 10 Williston, Contracts §§ 1211, 1221, 1239 [3d ed 1967]). However, contrary to the position taken by the Referee and the IAS Court that the acceptance of promissory notes by Solco discharged the surety, the rule of *strictissimi juris* should not rigidly apply in this particular instance. Because the bond at issue is silent as to any requirement with respect to the terms of payment of the clearly anticipated contracts between the principal Tech and its laborers and materialmen such as Solco and does not impose any type of notice provision to the surety regarding the default of the principal, it cannot be said that any alteration of the original bargain resulted in prejudice, thus discharging the surety.

Generally, in deciding whether Union was prejudiced by Solco's acceptance of Tech's notes, it would be necessary to determine the terms of credit which were within the contemplation of the parties when the contract was signed. However, due to the absence of any contract or other similar evidence in the record, we are unable to do so and hence must rely upon the terms of the guaranty itself which in the case of a corporate compensated surety should be strictly construed against the surety who drafted the terms of the bond. *(See,* 10 Williston, Contracts § 1213 [3d ed].)

Contrary to the Referee's finding that Solco's failure to accelerate payment on all of the notes or to proceed against the personal guarantors of the notes prejudiced Union, thereby releasing it from any further obligations under the bond, the only prejudice sufficient to abrogate Union's obligation would have resulted if Solco's acceptance of Tech's promissory notes and its failure to accelerate payment upon Tech's default resulted in an extension of Tech's time of payment beyond that specified or contemplated by the guaranty *(see generally,* 63 NY Jur 2d, Guaranty and Suretyship, §§ 210, 211, 220, 222). Inasmuch as the bond by its terms permitted claims to be asserted for one year subsequent to Tech's cessation of work on the project, *i.e.,* until January 3, 1985, Solco's

acceptance of the notes, the last of which matured more than three months earlier on September 24, 1984 did not extend Union Indemnity's liability beyond the terms of its bond.

As to the Liquidator's assertion that Solco's claim is barred by the bond's one year period of limitation, such argument is unpreserved for review and must be deemed to have been waived inasmuch as it was not raised in Union Indemnity's answer to the complaint and the Liquidator did not raise it in the court below, but moved instead to confirm the Referee's report in all respects including his finding that Solco's claim was timely asserted.

Finally, inasmuch as there is no evidence that there are insufficient funds to pay all claims in full with interest or that the awarding of interest will impose liability greater than the amount of Union's bond, the general rule that interest is not allowed after the property of an insolvent has passed into the hands of an official liquidator should not be applied *(see, Matter of People [Norske Lloyd Ins. Co.],* 249 NY 139, 147; *see also, Matter of United States Branch of Sumitomo Mar. & Fire Ins. Co.,* 133 NYS2d 342). Concur—Murphy, P. J., Sullivan, Kupferman, Asch and Kassal, JJ.