■ MARY A. PEDONE, Appellant, v JEFFREY SCHLOTMAN, Respondent. [672 NYS2d 140] —In an action to recover damages for dental malpractice, the plaintiff appeals from an order of the Supreme Court, Westchester County (Fredman, J.), entered May 7, 1997, which granted the defendant's motion for a protective order and denied her request for an additional deposition of the defendant.

Ordered that the order is affirmed, with costs.

After discovery proceedings were completed and the matter was ready for trial, the plaintiff moved to amend the complaint to add a cause of action based on lack of informed consent. In his affirmations submitted in support of the motion, the plaintiff's attorney made several statements indicating that the defendant's deposition testimony provided a sufficient factual basis for the cause of action. He further suggested that any prejudice to the defendant could be alleviated by an additional deposition of the plaintiff. The court granted the motion, and the defendant deposed the plaintiff with respect to the new cause of action. When the plaintiff then sought an additional deposition of the defendant, he moved for a protective order. The Supreme Court granted the defendant's motion.

"The regulation of the terms and provisions of disclosure so as to prevent abuse through the issuance of a protective order under CPLR 3103 is generally left to the sound discretion of the trial court" (Scalone v Phelps Mem. Hosp. Ctr., 184 AD2d 65, 70; see also, Matter of U. S. Pioneer Elecs. Corp. [Nikko Elec. Corp.], 47 NY2d 914, 916). We conclude that the Supreme Court providently exercised its discretion, as the statements by the plaintiff's attorney made in connection with the motion to amend the complaint belie the present contention that an additional deposition was necessary for preparation of the plaintiff's case. O'Brien, J. P., Santucci, Altman and Friedmann, JJ., concur.