■ SALOMON SMITH BARNEY, INC., Respondent, v INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, Appellant and Third-Party Plaintiff, et al., Defendant. STERLING CAPITAL, LLC, et al., Third-Party Defendants-Appellants. (And Another Action.) [738 NYS2d 41] —Order, Supreme Court, New York County (Herman Cahn, J.), entered June 19, 2001, which, in an action by plaintiff stock brokerage firm against defendant and third-party plaintiff surety to recover on a bond securing payment of a disputed debit balance in third-party defendants investors' margin account with plaintiff, inter alia, denied the surety's and the investors' cross motions for summary judgment dismissing the complaint, unanimously affirmed, with costs.

The subject bond conditions payment on, among other things, an audit, to be performed by a specified accountant and completed no later than January 20, 1999, determining the existence of a debit balance in the investors' margin account with plaintiff. The accountant did not complete the audit by January 20, 1999, and in a letter dated May 14, 1999, advised the investors that he was dissolving his firm and that they should find another accountant to complete the audit. Plaintiff moved for appointment of another accountant to complete the audit; the surety and the investors cross-moved to dismiss the action on the ground that the bond's conditions were not and can no longer be met.

The IAS court correctly found that the bond is ambiguous as

to whether a failure to complete the audit by January 20, 1999 was to result in its cancellation, and, upon such finding, properly held plaintiff's motion for appointment of a new auditor in abeyance pending a hearing, and properly denied the surety's and the investors' cross motions for summary judgment. While the bond expressly states that it was to be canceled if the audit were to determine that no debit balance exists, it does not similarly expressly provide for cancellation, or otherwise expressly indicate what was to happen, if the audit were not completed by the January 20, 1999 deadline. In addition, as the IAS court also held, even if it found that a failure to complete the audit by the deadline was to result in the bond's cancellation, there are issues as to whether such failure was caused by the investors not providing the auditor with necessary records, and, if so, the effect, if any, such fault has on the surety's obligation to pay the bond. While the investors blame plaintiff for failing to timely provide the auditor with necessary records, one of the investors, purporting to represent the others, stated in a February 23, 1999 letter to plaintiff that he was in the process of assembling necessary information to forward to the auditor, and, if nothing else, thereby appears to admit that, at least as of February 23, 1999, the investors still considered the bond to be in effect notwithstanding the passage of the January 20, 1999 deadline. The surety's and the investors' claim that performance of the audit by the specified accountant is an essential term of the bond that cannot be modified by appointment of a substitute auditor was properly rejected by the IAS court on the ground that such an appointment would not materially alter either the scope or the amount of the surety's liability (*cf.*, *Matter of Union Indem. Ins. Co. [Solco Plumbing Supply]*, 199 AD2d 209, 211-212, *lv denied* 83 NY2d 944). Concur—Nardelli, J.P., Tom, Mazzarelli, Lerner and Buckley, JJ.