■ Proskauer Rose LLP, Respondent, v Nancy S. Koeppel et al., Appellants. In the Matter of Proskauer Rose LLP, Respondent, v Nancy S. Koeppel et al., Appellants, et al., Respondents. [778 NYS2d 1]—

Orders, Supreme Court, New York County (Nicholas Figueroa,

J.), entered April 8, 2003 and April 10, 2003, respectively, which, to the extent appealed from, denied appellants' motion to dismiss the complaint to recover legal fees and their motion to dismiss the proceeding to enforce a charging lien under Judiciary Law § 475, unanimously affirmed, with costs.

The law firm was properly held to have stated a cause of action for the legal fees incurred, pursuant to appellants' instructions, after the death of appellants' joint obligor on the retainer agreement (General Obligations Law § 15-106; *see Schneider v Grubart*, 143 AD2d 182, 183 [1988]; *Matter of Gutchess*, 117 AD2d 852, 853 [1986], *lv denied* 68 NY2d 609 [1986]).

Appellant Nancy Koeppel's guaranty of the retainer agreement survived the death of her coguarantor. She consented to the continuation of the law firm's services (*see White Rose Food v Saleh*, 99 NY2d 589, 591 [2003]). The agreement to the retainer by the estate of her joint obligor, rather than by the joint obligor individually, was not a material change in the underlying obligation (*see Salomon Smith Barney v Insurance Co. of State of Pa.*, 291 AD2d 285, 286 [2002]), since the source of payment was not set forth in the written retainer. Moreover, it is not tenable that the subject guaranty was intended to last no longer than the remaining life span of the aged coguarantor. There would have been little point to a guaranty so vulnerable to early termination. Indeed, the elderly coguarantor died 11 months after the guaranty's execution and at a time when services under the guaranteed contract were still being rendered.

The claim for a charging lien was sufficiently stated. The Surrogate's order granting the law firm's motion to withdraw contained no finding as to whether the firm had good cause to do so or, as appellants contend, whether it was protecting them from misconduct.

We have considered appellants' other contentions and find them unavailing. Concur—Nardelli, J.P., Tom, Ellerin, Williams and Lerner, JJ.