■ ALLEN YAO-HUNG CHANG et al., Respondents, v SDI INTER-NATIONAL INC., Doing Business as MAGIC JEWELRY SPECIALIZE IN FENG SHUI, et al., Appellants, et al., Defendants. [792 NYS2d 92]—

FENG SHUI, et al., Respondents, et al., Defendants. [789 NYS2d 892]—

In a consolidated action, inter alia, to recover damages for fraudulent misrepresentation, the appeal, as limited by the notice of appeal and appellants' brief, is from so much of an order of the Supreme Court, Queens County (Hart, J.), dated September 22, 2003, as (1) granted that branch of the motion of the defendants SDI International Inc., doing business as Magic Jewelry Specialize in Feng Shui, Li Tang Wang, Lei Sun, Dai Hong, Chiu Chin Chen, and Wendy Liu, and John Doe #1 through John Doe #10, which was for a protective order as to certain discovery demands, (2) denied the cross motion of the plaintiff Allen Yao-Hung Chang to compel discovery, and (3) denied those branches of the motion of the plaintiffs Allen Yao-Hung Chang, Wen Chih Wang, and Hsi Chin Shan, which were to strike certain affidavits and to impose a sanction.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied that branch of the motion of the plaintiffs Allen Yao-Hung Chang, Wen Chih Wang, and Hsi Chin Shan which was to strike certain affidavits submitted by the defendant Wendy Liu (*cf. Brock Enters. Ltd. v Dunham's Bay Boat Co.*, 292 AD2d 681 [2002]; *Cohoes Realty Assoc. v Lexington Ins. Co.*, 292 AD2d 51 [2002]). Furthermore, contrary to the plaintiffs' contention, the imposition of a sanction was not warranted against Liu's present attorney (*see* 22 NYCRR 130-1.1).

The Supreme Court providently exercised its discretion in granting a protective order with regard to a supplemental notice of discovery and inspection dated August 6, 2001 (*see Matter of U.S. Pioneer Elecs. Corp.*, 47 NY2d 914, 916 [1979]; *Pedone v Schlotman*, 249 AD2d 526 [1998]). Tax returns and other financial information are generally not discoverable absent a showing that the information is relevant to the claims asserted and cannot be obtained from other sources (*see Latture v Smith*, 304 AD2d 534 [2003]; *Saratoga Harness Racing v Roemer*, 274 AD2d 887 [2000]). Furthermore, when discovery requests are numerous, the court will not prune the requests even though some of them may be proper (*see Latture v Smith, supra; EIFS, Inc. v Morie Co., Inc.*, 298 AD2d 548 [2002]).

The parties' remaining contentions are without merit. Florio, J.P., Adams, S. Miller and Santucci, JJ., concur.