■ JOHN CORCOS LEVY, Appellant, v JEFFREY LAING, Respondent. [843 NYS2d 542]—

Order of the Appellate Term of the Supreme Court, First Department entered December 20, 2005, which reversed an order of the Civil Court, New York County (Arthur F. Engoron, J.), entered July 6, 2005, denying defendant's motion for summary judgment, and dismissed the complaint, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

In 1986, defendant Jeffrey Laing retained plaintiff John Corcos Levy, Esq., for a one-third contingency fee, to prosecute a legal malpractice action against the law firm of Bushin & Rosman (B & R) for B & R's alleged negligence in an underlying personal injury action. In 1989, an order granting B & R's mo-

tion for summary judgment dismissing the legal malpractice action was reversed by this Court (149 AD2d 351 [1989]). In 1990, Laing substituted the law firm of Gandin, Schotsky & Rappaport (GSR) for Levy. Levy and GSR then entered into a letter agreement giving Levy a 30% share in GSR's fee.

In 1993, the B & R legal malpractice action was marked off the calendar for Laing's failure to appear at a pretrial conference. Four years later GSR attempted to file a note of issue but a second motion by B & R to dismiss the action, this time pursuant to CPLR 3404, was granted. We affirmed (255 AD2d 113 [1998], *lv dismissed* 93 NY2d 957 [1999]).

Thereafter, in 2000, Laing retained the services of Andrew MacAskill, Esq. to commence a second legal malpractice action, this one against GSR, whose actions and/or inactions during the four-year hiatus had resulted in the final dismissal of the malpractice action against B & R. In 2004, the action against GSR settled for $125,000.

Now, in this action, Levy, appearing pro se, sues former client Laing to recover $10,000 as the reasonable value of his services in the B & R action. He claims that after assisting Laing in the GSR malpractice action, he advised Laing of his position that he was entitled to compensation for the work he did prior to their parting and Laing's retention of GSR. In response, Laing sent Levy $1,000, which Levy rejected.

Laing moved for summary judgment dismissing the complaint, averring that the $1,000 was compensation, as agreed, for Levy's assistance in the GSR action, not the B & R action, and that there were no discussions about compensation for Levy's work in the B & R action. Further, Laing argued that as outgoing counsel, Levy is bound by his election to take a fixed 30% of GSR's contingency fee in the B & R case, is therefore not entitled to have his fee fixed on a quantum meruit basis, and, because there was no recovery by GSR, is not entitled to any fee whatsoever.

In opposition, Levy asserted that his compensation discussions with Laing concerned the work he performed before being substituted by GSR, and denied seeking payment for aiding MacAskill in the GSR action. He argued that because the settlement of the GSR action was a consequence of the underlying personal injury claim and initial malpractice action against B & R, the GSR action "related back" to the B & R action and, as such, he was entitled to compensation for his work in the B & R action.

The motion court denied Laing's motion to dismiss the complaint, finding "that the case against GSR settled only

because [Laing] had a cause of action against B & R that would have been successful but for the negligence of GSR," and ruling that Levy's "effort expended in good faith in litigation that ultimately, albeit in a different context, [was] successful" should be reasonably compensated.

Appellate Term, one Justice dissenting, disagreed and dismissed the complaint, holding that when Levy contracted for a 30% share in GSR's future compensation in the B & R action, he waived his right to payment based on quantum meruit, and that when the B & R action was dismissed, his right to attorneys' fees based on a percentage was extinguished. The fact that Laing was successful in his subsequent malpractice against GSR did not, according to Appellate Term, entitle Levy to recover, on any basis, for the services he rendered in the B & R action. Nor did the fact that the GSR action was settled establish that the B & R action would have succeeded on the merits. We now reverse.

Since the dispute regarding the fee is between Levy and Laing, the controlling agreement is not the 30% fee-sharing agreement between Levy and GSR, as found by Appellate Term, but rather the one-third contingency fee agreement between Levy and Laing. This is an important distinction because in disputes between attorneys, the discharged attorney may elect to receive compensation based on quantum meruit *or* on a contingency basis, whereas as against a former client, the discharged attorney is entitled to quantum meruit only, unless the client and attorney agree otherwise (*see Matter of Cohen v Grainger, Tesoriero & Bell*, 81 NY2d 655, 658 [1993]). Since Laing's discharge of Levy canceled and annulled the one-third contingency fee agreement between them in the B & R action, Levy is entitled to recover in quantum meruit the fair and reasonable value of his services in that action, without limitation to the original one-third contingency agreement (*see Matter of Montgomery*, 272 NY 323, 326-327 [1936]; *Kronish, Lieb, Shainswit, Weiner & Hellman v Howard Stores Corp.*, 44 AD2d 813 [1974]). The three remedies of an attorney discharged without cause— the retaining lien, the charging lien, and the plenary action in quantum meruit—are not exclusive but cumulative (*Butler, Fitzgerald & Potter v Gelmin*, 235 AD2d 218, 218-219 [1997]). As such, contrary to Appellate Term's finding, while dismissal of the B & R action may have extinguished Levy's contractual right to recover 30% of GSR's fee, it did not affect his right to recover in quantum meruit from *Laing*. To hold otherwise would disturb "the delicate balance between the need to deter clients from taking undue advantage of attorneys, on the one hand,

and the public policy favoring the right of a client to terminate the attorney-client relationship without inhibition on the other" (*Demov, Morris, Levin & Shein v Glantz*, 53 NY2d 553, 558 [1981]).

Laing's argument, adopted by Appellate Term's majority, that proof was lacking that Levy would have prevailed in the initial B & R action, albeit a heavy burden (*see Nazario v Fortunato & Fortunato, PLLC*, 32 AD3d 692, 695-696 [2006]), is undermined by the fact of the settlement of the subsequent GSR action. Nor do we agree that Laing's ultimate recovery, through settlement of the GSR action, was separate and apart from B & R's alleged original malpractice in the underlying personal injury action. As Laing does not deny that the GSR action was settled only because he had a cause of action against B & R that would have been successful but for GSR's malpractice, Levy should be reasonably compensated for the work he performed. We have considered Laing's remaining arguments and find them without merit. Concur—Saxe, J.P., Williams, Buckley, Catterson and Malone, JJ. [*See* 10 Misc 3d 133(A), 2005 NY Slip Op 52066(U).]