■ FULBRIGHT & JAWORSKI, LLP, Respondent, v SAL CARUCCI, Appellant, et al., Defendant. [881 NYS2d 56]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered December 10, 2008, which denied defendant Sal Carucci's motion to dismiss the complaint as against him pursuant to CPLR 3211 (a), unanimously reversed, on the law, with costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant Carucci dismissing the complaint as against him.

Plaintiff commenced this action against defendant Seasons Contracting Corp. and defendant Carucci, Seasons' president, to recover legal fees. In the complaint, plaintiff alleged, in relevant part, that:

"4. Prior to December 2007, plaintiff performed legal services for both defendants including, among other things, representing Seasons in an action commenced by trustees of various multi-employer trust funds which had alleged that Seasons had failed to make appropriate contributions to those funds on account of the employee services performed by bargaining unit members of the Mason Tenders Council. That action had been commenced against Seasons in the United States District Court for the Southern District of New York . . .

"5. In addition to providing services in connection with that lawsuit, plaintiff provided legal services to Sal Carucci in connection with a claim made by various unions and trustees of multi-employer trust funds that an *alter ego* status existed between and among Seasons . . . , Carucci, and other corpora-

tions and individuals. As a result of the representation of Carucci by plaintiff, the claims of an alter ego status were not pursued against Carucci.

"6. Despite due demand, the sum of $57,632.04 for legal services tendered by plaintiff remains due and owing to plaintiff by Carucci and Seasons in breach of the agreement to compensate plaintiff for the services it had rendered to the defendants."

Carucci moved to dismiss the action as against him on the ground that the complaint failed to state a cause of action against him. Alternatively, Carucci sought dismissal of the action on the ground that documentary evidence he submitted with the motion conclusively established that plaintiff had no claim against him. In support of the motion, Carucci submitted an affidavit in which he averred that he "never retained plaintiff for legal services in my individual capacity, but rather solely on behalf of . . . Seasons"; he was not a named defendant in the federal action in which plaintiff represented Seasons; he did not sign or receive a retainer agreement from plaintiff; and he did not sign or receive a personal guarantee requiring him to assume responsibility for Seasons' legal bills. Documents relating to the federal action support Carucci's assertion that he was not a defendant in that action.

Carucci also submitted five letters with accompanying invoices sent from plaintiff to Carucci. Each letter was addressed to "Mr. Sal Carucci, Seasons Contracting Corp.," and informed Carucci that plaintiff's "statement for legal services" for a specified period was enclosed with the letter. Each invoice, in turn, was addressed to "Seasons Contracting Corp." Finally, Carucci submitted a letter from an employee of plaintiff to Tina Girardo, an employee of Seasons, outlining the last four invoices. The letter makes plain that the invoices "were sent to the Company" and that no payment on the invoices had been received. The letter closed by stating that the "outstanding amounts total $55,058.98, and together with the outstanding balance on [a prior invoice] in the amount of $2,573.06 . . . , *the Company* is indebted to [plaintiff] for legal services rendered in the amount of $57,632.04" (emphasis added).

Plaintiff submitted only an attorney's affirmation in opposition to the motion. Supreme Court denied the motion, finding that the complaint pleaded a cause of action for quantum meruit against Carucci, and this appeal by Carucci ensued.

Accepting as true the facts pleaded by plaintiff and according plaintiff the benefit of every favorable inference to be drawn from those facts, plaintiff failed to state a cause of action for quantum meruit. To state such a cause of action, plaintiff must

allege (1) the performance of services in good faith, (2) the acceptance of the services by the person to whom they are rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services (*see Soumayah v Minnelli*, 41 AD3d 390, 391 [2007]). Here, there are simply no allegations supporting the last three elements as the claim relates to Carucci. Notably, plaintiff offered no allegations that (1) Carucci accepted services from plaintiff, (2) plaintiff had a reasonable expectation of compensation from Carucci, or (3) the reasonable value of the services performed for which Carucci was responsible. Nor did plaintiff allege facts from which any of these elements reasonably can be inferred. With respect to the latter element, plaintiff alleged that Carucci and Seasons owe plaintiff $57,632.04; plaintiff did not differentiate the amounts allegedly owed by Carucci for the services plaintiff claims it performed for him, on the one hand, and the amounts owed by Seasons for the services plaintiff performed for it. Plaintiff's failure to differentiate the amounts owed by Carucci and Seasons is all the more telling because plaintiff does not claim that Carucci is liable for Seasons' legal fees; plaintiff alleges that Carucci is liable for legal fees for services plaintiff allegedly performed for him. For these reasons, that aspect of Carucci's motion seeking dismissal of the complaint under CPLR 3211 (a) (7) should have been granted. Concur—Saxe, J.P., Buckley, McGuire, Moskowitz and Acosta, JJ.