■ URI TORNHEIM, Appellant, v BLUE & WHITE FOOD PRODUCTS CORP., Respondent. [899 NYS2d 650]—

In an action, inter alia, for a judgment declaring that the plaintiff is the beneficial owner of 20% of the shares of the stock in the defendant, Blue & White Food Products Corp., and to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Rockland County (Nelson, J.), dated August 11, 2008, which granted the defendant's motion pursuant to CPLR 3103 (a) for a protective order.

Ordered that the order is affirmed, with costs.

"The supervision of disclosure and the setting of reasonable terms and conditions therefor rests within the sound discretion of the trial court and, absent an improvident exercise of that discretion, its determination will not be disturbed" (*Mattocks v White Motor Corp.*, 258 AD2d 628, 629 [1999] [citations omitted]). It is within the sound discretion of the trial court to "make a protective order denying, limiting, conditioning or regulating the use of any disclosure device" (CPLR 3103 [a]; *see Pedone v Schlotman*, 249 AD2d 526 [1998]).

Here, the Supreme Court properly granted the defendant's motion pursuant to CPLR 3103 (a) for a protective order. The plaintiff requested the production of any and all documents relating to a transaction which occurred seven years after the events at issue in this case transpired. Those documents were irrelevant to the plaintiff's case, and the request was both overly

broad and unduly burdensome (*see Greenman-Pedersen, Inc. v Zurich Am. Ins. Co.*, 54 AD3d 386, 387 [2008]; *Gilman & Ciocia, Inc. v Walsh*, 45 AD3d 531 [2007]).

The plaintiff's remaining contentions are raised for the first time on appeal and, accordingly, are not properly before this Court (*see generally Schehr v McEvoy*, 43 AD3d 899, 900 [2007]). Mastro, J.P., Eng, Belen and Austin, JJ., concur.