■ BALESTRIERE PLLC, Respondent, v BANXCORP et al., Appellants. [947 NYS2d 7]—

Order, Supreme Court, New York County (Joan A. Madden, J.), entered February 16, 2011, which denied defendants' motions to dismiss the complaint, to disqualify plaintiff as its own counsel, and to order that certain confidential or prejudicial matters be sealed or redacted, and for a protective order, modified, on the law, to grant the motion to dismiss plaintiff's cause of action for fraudulent inducement, and otherwise affirmed, without costs.

It is well settled that "[t]he public policy of New York which permits a client to terminate the attorney-client relationship freely at any time, notwithstanding the existence of a particularized retainer agreement between the parties, would be easily undermined if an attorney could hold a client liable for fraud on the theory that the client misrepresented his or her true intent when the retainer was executed" (*Demov, Morris, Levin & Shein v Glantz*, 53 NY2d 553, 557 [1981]). Accordingly, the motion court erred in failing to dismiss plaintiff's cause of action for fraudulent inducement against both the corporate and the individual defendant (*Kaplan v Heinfling*, 136 AD2d 34, 39 [1988], *lv denied* 72 NY2d 810 [1988]).

The court correctly declined to dismiss the complaint pursuant to CPLR 3211 (a) (4), because "[t]he three remedies of an attorney discharged without cause—the retaining lien, the charging lien, and the plenary action in quantum meruit—are not exclusive but cumulative" (*see Levy v Laing*, 43 AD3d 713, 715 [2007]), and the attorney "does not waive her right to commence an immediate plenary action for a judgment against her client by commencing a proceeding to fix the amount of her charging lien" (*Butler, Fitzgerald & Potter v Gelmin*, 235 AD2d 218, 219 [1997]). Moreover, "an attorney may enforce his lien in a court other than that before which his services were rendered" (*see Nickel Rim Mines Ltd. v Universal-Cyclops Steel Corp.*, 202 F Supp 170, 176 [D NJ 1962]).

Contrary to the dissent's contention, the court also correctly

declined to dismiss plaintiff's cause of action for quantum meruit pursuant to CPLR 3211 (a) (7). Plaintiff alleges that it was terminated without cause by defendants, and received no compensation whatsoever for the three years of work it performed on the case and the value it brought to the case. Specifically, within its complaint, plaintiff pleaded that it "fully and faithfully performed legal services for BanxCorp and Mehl," that when it "performed those legal services for BanxCorp and Mehl, it reasonably expected to be compensated for those services," that "BanxCorp and Mehl encouraged the [plaintiff] to provide them with legal services, participated in the [plaintiff's] provision of such services, and accepted the benefits of the legal services the [plaintiff] provided to them," and that the services "were rendered under circumstances in which BanxCorp and Mehl knew that the [plaintiff] expected to be compensated for those services." Since a plaintiff pleads a cause of action for quantum meruit when he alleges that (1) services were performed in good faith, (2) the acceptance of the services by the person to whom they were rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services (*Fulbright & Jaworski, LLP v Carucci*, 63 AD3d 487, 489 [2009]; *Nabi v Sells*, 70 AD3d 252, 253 [2009]; *Soumayah v Minnelli*, 41 AD3d 390, 391 [2007]), based on the foregoing, plaintiff has adequately pleaded a cause of action for quantum meruit against all the defendants. *Fulbright* doesn't avail Mehl since there we dismissed plaintiff's cause of action for quantum meruit against the corporate defendant's president insofar as plaintiff in that case failed to allege three elements critical to a cause of action for quantum meruit (*Fulbright* at 489).

Defendants' attempt to disqualify plaintiff from representing itself in this fee dispute pursuant to the professional rules regarding conflict of interest is misplaced (*see e.g. Proskauer Rose v Koeppel*, 6 AD3d 174 [2004]). Further, a lawyer "is entitled to reveal the confidences of [a client] in [a] separate fee collection action, albeit only to the extremely limited extent necessary to establish and collect its fees" (*Feeley v Midas Props.*, 199 AD2d 238, 239 [1993]). Defendants' vague, general assertions that plaintiff "maliciously pierced their former client BanxCorp's privileged attorney-client confidential information," are insufficient to establish that plaintiff improperly divulged confidential information necessary to the current litigation.

Similarly, defendants have not identified any specific documents they seek to have sealed or redacted, or established good cause for requesting sealing or redaction (*see* 22 NYCRR 216.1 [a]; *Danco Labs. v Chemical Works of Gedeon Richter*, 274 AD2d

1, 6 [2000]). The documents as to which defendants moved for a protective order are relevant to this litigation, and the request for their production was reasonable (*see Tornheim v Blue & White Food Prods. Corp.*, 73 AD3d 745 [2010]). Concur—Tom, J.P., Andrias, Richter and Román, JJ.

DeGrasse, J., dissents in part in a memorandum as follows: The majority correctly concludes that the fraud cause of action should have been dismissed for failure to state a cause of action. Indeed, absent an agreement to the contrary, a discharged attorney's recovery, if any, from a former client is limited to quantum meruit (*see Levy v Laing*, 43 AD3d 713, 715 [2007]). I respectfully dissent, however, because I disagree with the majority's conclusion that a quantum meruit claim has been stated against defendant Norbert Mehl under the theory of piercing the corporate veil.

Plaintiff, a law firm, seeks to recover the reasonable value of services it rendered while representing defendant BanxCorp, the plaintiff in *BanxCorp v Bankrate, Inc.*, an antitrust action that was filed in the United States District Court for the District of New Jersey (civil action No. 07-3398). Plaintiff rendered its services pursuant to a written contingency fee agreement that was executed on behalf of BanxCorp by Mehl, its principal. The motion court declined to dismiss the complaint as against Mehl on the sole ground that "a corporate officer who participates in the commission of a tort can be held personally liable even if the participation is for the corporation's benefit." Although it might have applied to the now dismissed fraud cause of action, the motion court's reasoning has no application to the quantum meruit claim, the only remaining cause of action. This is because quantum meruit is not a theory of tort liability.

Plaintiff's rationale for piercing BanxCorp's corporate veil is equally unavailing. "The party seeking to pierce the corporate veil must establish that the owners, through their dominion, abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice against that party such that a court in equity will intervene" (*Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 142 [1993]). An inference of abuse, however, does not arise "where a corporation was formed for legal purposes or is engaged in legitimate business" (*Credit Suisse First Boston v Utrecht-America Fin. Co.*, 80 AD3d 485, 488 [2011] [citation omitted]). Here, plaintiff makes no claim of such illegality or illegitimacy with respect to BanxCorp's formation or business. In fact, it is alleged in the antitrust complaint, drafted by plaintiff, that BanxCorp is in the business of providing bank rate tables listing interest rates

for financial institutions (*see BanxCorp v Bankrate*, US Dist Ct, D NJ, 07 Civ 3398, Wigenton, J., 2008). Plaintiff seeks to pierce the corporate veil on the basis of assertions that Mehl dominated BanxCorp and used its credit lines for his personal needs. These allegations do not amount to anything that can be construed as the use of BanxCorp's corporate form to perpetrate a wrong *against plaintiff.* This case is similar to *Fulbright & Jaworski, LLP v Carucci* (63 AD3d 487 [2009]), in which this Court found that a quantum meruit claim against its corporate client's president was not stated. Here, as in *Fulbright,* there is no allegation of facts from which it can be inferred that Mehl, as an individual, accepted services from plaintiff or that plaintiff had a reasonable expectation of compensation by Mehl. Without doubt, Mehl himself could not collect on any judgment that might be entered in favor of BanxCorp in the antitrust action as a result of plaintiff's services.

In addition, as acknowledged by the majority, plaintiff's remedies—a retaining lien, a charging lien and a plenary action to recover the reasonable value of its services are not exclusive but cumulative (*see Levy v Laing*, 43 AD3d at 715). In fact, NJ Stat Ann § 2A:13-5, a statute cited by plaintiff, provides: "After the filing of a complaint . . . the attorney or counsellor at law, who shall appear in the cause for the party instituting the action . . . shall have a lien for compensation, upon his client's action, cause of action . . . which shall contain and attach to a verdict, report, decision, award, judgment or final order in his client's favor, and the proceeds thereof in whosesoever hands they may come. The lien shall not be affected by any settlement between the parties before or after judgment or final order, nor by the entry of satisfaction or cancellation of a judgment on the record. The court in which the action or other proceeding is pending, upon the petition of the attorney or counsellor at law, may determine and enforce the lien." Therefore, plaintiff can never lose the right to impose a charging lien against any judgment or settlement BanxCorp might obtain in the federal action. For this reason, equitable grounds for piercing the corporate veil have not been stated inasmuch as plaintiff's sole remedy, the right to be compensated for the reasonable value of its services, is unimpaired. I otherwise agree with the majority's opinion with respect to defendants' motion for a protective order and an order disqualifying counsel and sealing or redacting the record. I would, therefore, modify the order entered below to the additional extent of dismissing all of plaintiff's claims against Mehl.