Kingdom Assoc., Inc. v WBC Servs. Inc.

2026 NY Slip Op 03070

May 14, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Kingdom Associates, Inc., Plaintiff-Appellant,

v

WBC Services Inc., Defendant-Respondent, Broadway PT 1710 LLC et al., Defendants.

Decided and Entered: May 14, 2026

Index No. 158068/24|Appeal No. 6622|Case No. 2025-02291|

Before: Webber, J.P., GonzáLez, Pitt-Burke, Higgitt, Hagler, JJ.

Forchelli Deegan Terrana LLP, Uniondale (Parshhueram T. Misir of counsel), for appellant.

Littler Mendelson P.C., New York (Puja Sharma of counsel), for respondent.

[*1]

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered on or about April 10, 2025, which granted the motion of defendant WBC Services Inc. to dismiss plaintiff's claims for breach of contract, quantum meruit, promissory estoppel, and unjust enrichment, unanimously reversed, on the law, without costs, and the motion denied.

Preliminarily, we find that the isolated reference to "summary judgment" in the court's order was a non-prejudicial error that does not warrant reversal.

To establish a claim for breach of contract, a plaintiff must allege the "existence of a contract, the plaintiff's performance thereunder, the defendant's breach thereof, and resulting damages" (Heijung Park v Nam Yong Kim, 205 AD3d 429, 430 [1st Dept 2022]). Here, plaintiff alleged that it entered into an agreement with WBC to provide construction services, that plaintiff performed under the agreement by providing labor and materials until WBC breached by unilaterally rescinding its agreement, and that plaintiff suffered $1.075 million in expenses. Thus, plaintiff stated the cause of action.

Defendant is not entitled to dismissal based on the documentary evidence pursuant to CPLR 3211(a)(1), since the evidence submitted by WBC does not "utterly refute[] plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]). The fact that the alleged agreement between the parties was unsigned does not preclude the possibility that there was an enforceable contract (see Art & Fashion Group Corp. v Cyclops Prod., Inc., 120 AD3d 436, 438 [1st Dept 2014]). Even "an unsigned contract may be enforceable, provided there is objective evidence establishing that the parties intended to be bound" (Flores v Lower E. Side Serv. Ctr., Inc., 4 NY3d 363, 369 [2005]). Here, there were multiple emails between the parties discussing the project that collectively could be construed as an accepted offer, and plaintiff had worked on the project for over a month before WBC took the position that there was no agreement. Accordingly, even if there was no signed contract, it cannot be determined on the documentary evidence that there was not an enforceable agreement.

[*2]

Supreme Court also improperly dismissed plaintiff's promissory estoppel claim. "The elements of a claim for promissory estoppel are: (1) a promise that is sufficiently clear and unambiguous; (2) reasonable reliance on the promise by a party; and (3) injury caused by the reliance" (MatlinPatterson ATA Holdings LLC v Federal Express Corp., 87 AD3d 836, 841-842 [1st Dept 2011], lv denied 21 NY3d 853 [2013]). Plaintiff pleaded all of these elements, to wit: that "WBC made a clear and unambiguous promise that it was awarding the [subcontract] to [p]laintiff"; that "it was reasonable and foreseeable that [p]laintiff would rely on this unambiguous promise by WBC and commence work"; that "WBC violated its unambiguous promise to award the work to [p]laintiff"; and that "[d]ue to its detrimental reliance on WBC's unambiguous promise, [p]laintiff has been damaged in the sum of [$1.075 million]." Moreover, the documentary evidence submitted by WBC does not "utterly refute" plaintiff's allegations regarding the promissory estoppel claim (Goshen, 98 NY2d at 326). While the email chain submitted by WBC does not contain a clear promise to award plaintiff the subcontract, it at least suggests the possibility that WBC made the promise to plaintiff in another manner.

To state a claim for quantum meruit, a "plaintiff must allege (1) the performance of services in good faith, (2) the acceptance of the services by the person to whom they are rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services" (Fulbright & Jaworski, LLP v Carucci, 63 AD3d 487, 489 [1st Dept 2009]). Here, plaintiff sufficiently alleged that "[b]etween July 11, 2024 to August 21, 2024, [it] provided the labor, materials, and services" to WBC; that WBC "accepted" those labor, materials, and services; that plaintiff "had an expectation of compensation from WBC"; and that the reasonable value for the labor, materials, and services was $1.075 million. Again, the documentary evidence submitted by WBC does not "utterly refute" plaintiff's allegations regarding the quantum meruit claim (Goshen, 98 NY2d at 326). Accordingly, Supreme Court should not have dismissed the claim.

Supreme Court improperly dismissed plaintiff's cause of action for unjust enrichment. To state such a cause of action, "[a] plaintiff must show that (1) the other party was enriched, (2) at [the plaintiff's] expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered" (Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182 [2011] [internal quotation marks and alterations omitted]). Plaintiff sufficiently alleged that WBC was enriched by its labor.

Finally, we reject WBC's argument that the non-breach of contract claims should be dismissed as duplicative, since it "disputes the alleged existence of a[n] . . . agreement between the parties" (Kasmin v Josephs, 228 AD3d 431, 433 [1st Dept 2024]).

[*3]

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 14, 2026