MARION SPEIDEN, Respondent, *v.* INNIS, SPEIDEN & CO., INC., Appellant.

First Department, April 30, 1926.

**Master and servant — wrongful discharge — evidence shows discharge was justified.**

In an action to recover damages for wrongful discharge of the plaintiff, an employee of the defendant, the evidence establishes that the plaintiff's discharge by the defendant was justified.

APPEAL by the defendant, Innis, Speiden & Co., Inc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 30th day of April, 1925, upon the verdict of a jury.

*Almy, Van Gordon & Evans* [*Don R. Almy* of counsel], for the appellant.

*Blandy, Mooney & Shipman* [*Edmund L. Mooney* of counsel; *Hobart S. Weaver* with him on the brief], for the respondent.

PER CURIAM. The complaint sets forth an action for damages for breach of a written contract of employment, alleging an unlawful

discharge within the term thereof.   The answer admits the contract and discharge and alleges plaintiff's breach of contract justifying the discharge.   We have carefully read this record and are satisfied that the discharge was entirely justified by the conduct and actions of the plaintiff.   The testimony of unimpeached witnesses shows this plaintiff to have been a disturbing element.   He wrote insubordinate letters destructive of discipline.   He refused and neglected to obey orders.   In the presence of coemployees he turned the picture of the president of the company to the wall, saying he did not want to look at his " mug."   He refused to sit in the office if the picture remained on the wall.   He referred to the president as a thief, scoundrel, Kaiser, liar, snake in the grass, skunk, hog, pirate, and said that he hoped to see the day when his children would be begging for bread.   He did not make reports properly. He was rude and brutal to customers; when asked for quotations, he told them to go to hell and get them.   There was no justification for his conduct.   There were denials upon his part and explanation; but the overwhelming weight of the evidence, in our opinion, supports the defense of a proper and justifiable discharge.

The judgment appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.

Present — CLARKE, P. J., MERRELL, FINCH and MARTIN, JJ.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event.