■ WILLIAM STEVENS, LTD., Respondent, v KINGS VILLAGE CORP., Appellant, et al., Defendants. [650 NYS2d 307] —In an action, inter alia, to recover damages for breach of contract, the defendant Kings Village Corp. appeals from an order of the Supreme Court, Nassau County (Adams, J.), entered December 19, 1994, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs,

the appellant's motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The plaintiff William Stevens, Ltd. (hereinafter William Stevens), commenced this action, *inter alia,* to recover damages from, among others, the defendant Kings Village Corp. (hereinafter Kings Village), the owner of an apartment cooperative, based on the termination by Kings Village of William Stevens as the managing agent. The written agreement between the parties provided that if Kings Village terminated William Stevens without cause prior to the expiration of the three-year agreement, Kings Village would be bound to pay William Stevens management fees for the remaining term of the agreement.

Kings Village moved for summary judgment contending that it had cause to terminate William Stevens, and, accordingly, it did not owe any additional fees. Specifically, Kings Village alleged that William Stevens had filed an involuntary bankruptcy petition against the cooperatives' sponsor which act was directly contrary to the chosen strategy implemented by the board of Kings Village to terminate the sponsor's proprietary leases. The basic tenet of a principal-agent relationship is that the principal retains control over the conduct of the agent with respect to matters entrusted to the agent, and the agent acts in accordance with the direction and control of the principal *(see generally, Rudman v Cowles Communications,* 35 AD2d 213, *mod on other grounds* 30 NY2d 1). As long as such directions are not unreasonable, the agent is bound to obey them, even if it appears that some other course of conduct was better than that which the employer chose *(see, Macauley v Press Publ. Co.,* 170 App Div 640, 643-644, *affd* 222 NY 696; *see also, Rudman v Cowles Communications, supra,* at 216).

There is no dispute that by filing the bankruptcy petition against the sponsor, William Stevens disobeyed the directions of its principal Kings Village to pursue a particular course of action. Thus Kings Village had cause to terminate William Stevens as its agent. Accordingly, the Supreme Court should have granted the motion of Kings Village for summary judgment. Goldstein, J. P., Altman, Florio and Luciano, JJ., concur.