■ FRANCIS J. DEMAY, Also Known as FRANK DEMAY, Respondent, v MILLER & WRUBEL P. C., Appellant. [692 NYS2d 331] —Order, Supreme Court, Bronx County (Kenneth Thompson, Jr., J.), entered July 9, 1998, which denied defendant's motion for summary judgment, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

Plaintiff was over forty when he was hired in February 1983 as an office services employee for defendant law firm. Ten years later, on February 26, 1993, plaintiff was given a memorandum from defendant advising him of a number of complaints over the past few years about his job performance, involving unexcused absences during the work day, excessive drinking of alcohol during the work day, unscheduled absences from work, his personal appearance and hygiene, and a specific unexcused absence on February 18, 1993 for which plaintiff was required to take one week of unpaid leave. Plaintiff acknowledged that he had reviewed and understood and had an opportunity to discuss the contents of the memorandum with his employer, including the warning that should any of those problems occur again, he would be fired.

Thereafter, according to one of defendant's partners and its office administrator who was present, on May 11, 1994, when questioned by the partner about the delivery of a settlement check to another law firm from which he was to have returned with a receipt, plaintiff became very loud and insulting, stating in words or substance: "You are making up all of this. It is not

true. I did what I was supposed to do." When the envelope that plaintiff was supposed to have brought back from the delivery arrived in the mail the next day, plaintiff was confronted and he responded: "That is a lie", and accused the partner and his secretary of having mailed the envelope back to themselves in order to "frame" him. As a result of these confrontations, the decision was made to fire plaintiff as soon as possible. An advertisement was placed in the New York Times on July 17, 1984 and additional ads were placed on August 21 and October 16. On or about Friday, November 11, 1994, as soon as a replacement was found, plaintiff was fired. According to defendant, plaintiff was not immediately fired because the firm was then in process of moving its offices and could not dispense with plaintiff's services until a replacement was found.

Although it is conceded that he was replaced by a younger employee, plaintiff has failed to demonstrate by a preponderance of the evidence that his discharge on grounds of insubordination was pretextual or that defendant intentionally discriminated against him because of his age.

Even if plaintiff's denial of any recollection regarding the July incident, given as the reason for his firing, were sufficient to create a question of fact as to whether his termination was pretextual, he has still failed to show that defendant intentionally discriminated against him because of his age. Plaintiff not only must show that the employer's reasons for discharge were false but that discrimination, more likely than not, was the real reason (*see, St. Mary's Honor Ctr. v Hicks*, 509 US 502, 515). Plaintiff has not offered any proof of age discrimination by defendant, such as age-related comments or that a younger employee was desired or that his replacement was hired because he was younger. Under such circumstances, the mere allegation, without more, that an employee was replaced by a younger employee, even if true, is insufficient to defeat a motion for summary judgment (*see, Mustafa v Park Lane Hotel,* 12 F Supp 2d 360, 363). Concur—Ellerin, P. J., Lerner, Andrias and Saxe, JJ.