■ In the Matter of MELVYN KAUFMAN, Appellant, v TUDOR REALTY SERVICES CORP., Respondent. [772 NYS2d 265]—

Order and judgment (one paper), Supreme Court, New York County (Leland DeGrasse, J.), entered on or about July 2, 2003,

which denied the petition and dismissed the proceeding brought pursuant to CPLR article 78 to compel respondent managing agent to enforce a "no-pet" provision against a condominium unit owner, denied petitioner's motion to disqualify respondent's counsel for a conflict of interest, and directed petitioner to pay attorneys' fees in the amount of $1,100 pursuant to 22 NYCRR 130-1.1, unanimously affirmed, with costs.

Inasmuch as the record discloses that the board of the subject condominium had discretion to, and did in fact, waive enforcement of the "no-pet" provision in its rules and regulations as against the unit owner in question, the petition seeking mandamus to compel enforcement of the "no-pet" provision against that unit owner was properly denied. Mandamus does not lie to compel a discretionary act (*see Matter of Garrison Protective Servs. v Office of Comptroller*, 92 NY2d 732, 736 [1999]) and respondent managing agent was, in any event, bound by its principal's actions; it was not free to countermand the waiver granted by the condominium (*see William Stevens, Ltd. v Kings Vill. Corp.*, 234 AD2d 287 [1996]).

Petitioner's motion to disqualify respondent's counsel was properly denied. Contrary to petitioner's contention, the circumstance that respondent's counsel had also represented respondent's principal, the condominium, did not give rise to any conflict of interest, the interests of the principal and agent not having been adverse (*see Solow v W.R. Grace & Co.*, 83 NY2d 303, 306 [1994]).

In view of the patently frivolous nature of this litigation (*see* 22 NYCRR 130-1.1 [c] [1]), attorneys' fees of $1,100 were properly assessed against petitioner.

We have considered and rejected petitioner's remaining arguments. Concur—Mazzarelli, J.P., Williams, Friedman and Gonzalez, JJ.