■ NORMAN TRIEGER, D.M.D., M.D., Appellant, v MONTEFIORE MEDICAL CENTER, Respondent. [789 NYS2d 42]—

Order, Supreme Court, Bronx County (Nelson Roman, J.), entered on or about March 10, 2004, which, in an action for breach of employment contract and age discrimination, granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The motion court correctly found that the memorandum plaintiff circulated to all other department chairs at defendant hospital, strongly criticizing defendant's management and, inter alia, urging his cochairs "to set things right and reclaim the[ir] prerogatives and responsibilities," was insubordinate, and that

it gave defendant just cause to terminate plaintiff's employment contract (*see Crane v Perfect Film & Chem. Corp.*, 38 AD2d 288, 291 [1972]). An employer's determination of good cause justifying termination of an employment contract is entitled to deference, particularly where high-level management employees are involved (*see Golden v Worldvision Enters.*, 133 AD2d 50, 51 [1987], *lv denied* 71 NY2d 804 [1988]; *Speiden v Innis, Speiden & Co., Inc.*, 216 App Div 408 [1926]).

Applying the burden-shifting analysis articulated in *McDonnell Douglas Corp. v Green* (411 US 792 [1973]), we find that plaintiff's age discrimination claim was properly dismissed for lack of evidence sufficient to raise an issue of fact as to whether the hospital's proffered reason for plaintiff's dismissal, circulation of the insubordinate memorandum, was a pretext for discrimination (*see Slatky v Healthfirst, Inc.*, 2003 WL 22705123, 2003 US Dist LEXIS 20608 [SD NY, Nov. 17, 2003] [summary judgment granted to defendant in age discrimination case where plaintiff was terminated for insubordination]; *DeMay v Miller & Wrubel, P.C.*, 262 AD2d 184, 185 [1999]; *Mustafa v Park Lane Hotel, Inc.*, 12 F Supp 2d 360 [1998], *affd* 182 F3d 900 [1999]).

Plaintiff was terminated immediately after circulating the insubordinate memorandum, and there is no other evidence in the record to support plaintiff's claim that the hospital's actions were pretextual. Concur—Mazzarelli, J.P., Saxe, Marlow, Ellerin and Nardelli, JJ. [*See* 3 Misc 3d 1103(A), 2004 NY Slip Op 50350(U).]