WILLIAM J. DeTORRES III, M.D., P.C., Appellant, v CLAXTON-HEPBURN MEDICAL CENTER, Respondent. [883 NYS2d 659]—

Rose, J. Appeal from an order of the Supreme Court (Demar-

est, J.), entered May 8, 2008 in St. Lawrence County, which, among other things, partially granted defendant's motion to dismiss the complaint.

Plaintiff entered into a "Hospitalist Physician Services Agreement" with defendant, a community hospital, obligating plaintiff's principal to, among other things, be on-site and available to provide medical services to emergency department patients who have no assigned physician as well as others whose attending physicians were unavailable. Defendant was aware that plaintiff's principal was a disqualified Medicaid provider, and the agreement did not require him to be a Medicaid provider. Nevertheless, the medical services that he was required to perform were not limited to non-Medicaid patients, and the agreement included a provision that gave defendant the right to terminate the agreement "without liability, if on the advice of its counsel it determines in its reasonable judgment that the terms of this Agreement more likely than not may be interpreted to violate any present or proposed future law or regulation." Relying on this provision, defendant subsequently terminated the agreement. Plaintiff then commenced this action alleging, among other things, breach of contract. When Supreme Court granted defendant's motion to dismiss the complaint based upon a defense founded on documentary evidence (see CPLR 3211 [a] [1]), this appeal ensued.

Inasmuch as plaintiff does not dispute that its principal was a disqualified Medicaid provider, documentary evidence clearly supports Supreme Court's conclusion that defendant exercised its reasonable judgment when it determined on the advice of counsel that the agreement would likely violate a Medicaid regulation. Defendant's evidence in support of its motion included a Medicaid publication with the headline "Disqualified Provider List/Do Not Hire[ ]," which it received soon after hiring plaintiff and which strongly advised against hiring disqualified providers. Defendant also cited the Medicaid regulation which provides for monetary sanctions against a provider where a disqualified person is involved in any aspect of the care of a Medicaid patient (see 18 NYCRR 515.5). While plaintiff contends that the agreement did not expressly require it to provide medical care to Medicaid patients and that defendant could have avoided a penalty by having plaintiff serve only non-Medicaid patients, the agreement clearly obligated plaintiff to serve unattended patients without any such restriction. As for plaintiff's argument that defendant's exercise of its judgment under the agreement was not objectively reasonable, we conclude that, as a matter of law, defendant demonstrated good cause, and that

this constitutes an objectively reasonable basis for its determination (*see Scott v Beth Israel Med. Ctr., Inc.*, 47 AD3d 541, 541 [2008]; *Trieger v Montefiore Med. Ctr.*, 15 AD3d 175, 176 [2005], *lv denied* 4 NY3d 710 [2005]; *compare Weston v Cornell Univ.*, 56 AD3d 1074, 1076 [2008]).

Finally, because plaintiff raises no argument as to the dismissal of its other causes of action or its claim for breach of two other agreements with defendant, those issues are abandoned (*see Amo v Little Rapids Corp.*, 301 AD2d 698, 702 n 3 [2003], *appeal dismissed and lv denied* 100 NY2d 531 [2003]; *Blumenkrantz v May*, 293 AD2d 850, 852-853 [2002]).

Mercure, J.P., Kane, Kavanagh and Garry, JJ., concur. Ordered that the order is affirmed, with costs.