■ Craig A. Race, Respondent, v Goldstar Jewellery, LLC, Appellant, et al., Defendant. [924 NYS2d 166]—

In an action, inter alia, to recover damages for breach of an employment contract, the defendant Goldstar Jewellery, LLC, appeals from so much of an order of the Supreme Court, Westchester County (Scheinkman, J.), dated August 17, 2010, as denied that branch of its motion which was for summary judgment dismissing the first cause of action alleging breach of an employment contract.

Ordered that the order is affirmed insofar as appealed from, with costs.

"The basic tenet of a principal-agent relationship is that the

principal retains control over the conduct of the agent with respect to matters entrusted to the agent, and the agent acts in accordance with the direction and control of the principal" (*William Stevens, Ltd. v Kings Vil. Corp.*, 234 AD2d 287, 288 [1996]; *see Rudman v Cowles Communications*, 35 AD2d 213, 216 [1970], *mod* 30 NY2d 1 [1972]). With regard to the employer-employee relationship, as long as the directions of the employer, as the principal, are reasonable, then the employee, as the agent, must obey them, even if it appears that some other course of conduct was better than that which the employer chose (*see William Stevens, Ltd. v Kings Vil. Corp.*, 234 AD2d at 288; *Rudman v Cowles Communications*, 35 AD2d at 216). An employer generally has just cause to terminate an employment contract when an employee's "continuous refusal to comply with lawful and reasonable directions of an employer reaches such proportions as to be deleterious to the employer's interests, is inconsistent with continuance of the basic employer-employee relationship, and effectively stalls the conduct of important and duly authorized business affairs" (*Rudman v Cowles Communications*, 35 AD2d at 216; *see Trieger v Montefiore Med. Ctr.*, 15 AD3d 175, 176 [2005]; *William Stevens, Ltd. v Kings Vil. Corp.*, 234 AD2d at 288).

The defendant Goldstar Jewellery, LLC (hereinafter the defendant), failed to meet its prima facie burden of demonstrating its entitlement to judgment as a matter of law. It failed to show, prima facie, both that its directions to the plaintiff were reasonable and that the plaintiff did not properly follow those directions. Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was for summary judgment dismissing the first cause of action alleging breach of an employment contract (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *cf. Trieger v Montefiore Med. Ctr.*, 15 AD3d at 176; *William Stevens, Ltd. v Kings Vil. Corp.*, 234 AD2d at 288). Prudenti, P.J., Angiolillo, Dickerson and Roman, JJ., concur.