Afrat v Kimber Mfg., Inc. (2020 NY Slip Op 00394)





Afrat v Kimber Mfg., Inc.


2020 NY Slip Op 00394


Decided on January 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-01081
 (Index No. 68808/15)

[*1]Ofer Afrat, appellant, 
v
Kimber Manufacturing, Inc., respondent.


Steiner & Kostyn LLP, White Plains, NY (Scott J. Steiner of counsel), for appellant.
Kelley Drye & Warren LLP, New York, NY (David I. Zalman and Damon W. Suden of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for employment discrimination on the basis of age in violation of the New York State Human Rights Law and the Westchester County Human Rights Law, the plaintiff appeals from an order of the Supreme Court, Westchester County (Lewis J. Lubell, J.), dated January 5, 2017. The order granted that branch of the defendant's motion which was for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff was employed by the defendant from March 2002 until June 26, 2013, when his employment was terminated. In August 2013, the plaintiff commenced an action against the defendant in the United States District Court for the Southern District of New York, alleging discrimination in employment based on age and retaliation, in violation of the Age Discrimination in Employment Act of 1967 (29 USC § 621 et seq. [hereinafter ADEA]). The plaintiff also asserted, inter alia, causes of action pursuant to the New York State Human Rights Law (Executive Law § 290 et seq. [hereinafter NYSHRL]) and the Westchester County Human Rights Law (hereinafter WCHRL). The District Court granted the defendant's motion for summary judgment dismissing the federal causes of action and declined to exercise supplemental jurisdiction over the plaintiff's state law causes of action.
Thereafter, the plaintiff commenced this action in the Supreme Court, Westchester County, against the defendant, inter alia, to recover damages for age discrimination and retaliation in violation of the NYSHRL and WCHRL. The defendant moved, among other things, for summary judgment dismissing the complaint. In an order dated January 5, 2017, the Supreme Court granted that branch of the defendant's motion, and the plaintiff appeals.
We agree with the Supreme Court's determination that, based on the prior federal determination, the plaintiff is collaterally estopped from asserting the NYSHRL and WCHRL causes of action alleging retaliation and age discrimination that allegedly took place after his alleged demotion in or about March 2011. "Where a federal court declines to exercise jurisdiction over a plaintiff's state law claims, collateral estoppel may still bar those claims provided that the federal court decided issues identical to those raised by the plaintiff's state claims" (Milione v City Univ. of N.Y., 153 AD3d 807, 808-809; see Karimian v Time Equities, Inc., 164 AD3d 486, 488). Here, the [*2]factual determinations made by the District Court with respect to the causes of action alleging discrimination and retaliation in violation of the ADEA were determinative of the aforementioned claims (see Williams v New York City Tr. Auth., 171 AD3d 990, 991-992).
The plaintiff's claim that he was demoted in or about March 2011 as a result of age discrimination was not addressed on the merits by the District Court. Nonetheless, we agree with the Supreme Court's determination awarding the defendant summary judgment dismissing the cause of action alleging age discrimination based on his demotion. The defendant proffered a legitimate, non-discriminatory reason for the elimination of his position as maintenance manager, namely the restructuring and streamlining of the defendant's operations which made the plaintiff's position redundant (see Matter of Laverack & Haines v New York State Div. of Human Rights, 88 NY2d 734, 738-739; Hudson v Merrill Lynch & Co., Inc., 138 AD3d 511, 515). Furthermore, the defendant eliminated all triable issues of fact as to whether the proffered non-discriminatory reason for the elimination of the plaintiff's position was a pretext for age discrimination (see Forrest v Jewish Guild for the Blind, 3 NY3d 295, 305; Ferrante v American Lung Assn., 90 NY2d 623, 630; DeMay v Miller & Wrubel, 262 AD2d 184, 185). In opposition, the plaintiff failed to raise a triable issue of fact (see Grella v St. Francis Hosp., 149 AD3d 1046, 1049).
The plaintiff's remaining contention is without merit.
Accordingly, we agree with the Supreme Court's determination to grant that branch of the defendant's motion which was for summary judgment dismissing the complaint.
MASTRO, J.P., ROMAN, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court