20-1374 (L)
*Lebetkin v. Giray*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of July, two thousand twenty-one.

Present:
> AMALYA L. KEARSE,
> SUSAN L. CARNEY,
> *Circuit Judges.*[*]

---

STEVEN LEBETKIN,

> *Plaintiff-Appellant,*

v.                                                                          20-1374, 20-4229

AYSE GIRAY, AKA SARA BARAN,

> *Defendant-Appellee,*

JOHN DOE, 1 THROUGH 25,

> *Defendant-Appellee.*

---

For Plaintiff-Appellant:                    MARANDA E. FRITZ, New York, NY; Stephen
                                            R. Field, New York, NY.

---

[*] Our late colleague Judge Robert A. Katzmann was originally a member of the panel. The appeal is being decided by the remaining members of the panel, who are in agreement. *See* 2d Cir. IOP E(b).

For Defendant-Appellee:                              MICHAEL H. SMITH, Rosenberg Feldman Smith, LLP, Tarrytown, NY.

Appeal from a judgments and orders of the United States District Court for the Southern District of New York (Cote, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments and orders of the district court are **AFFIRMED**.

Plaintiff-Appellant Steven Lebetkin appeals from a grant of summary judgment in favor of Defendant-Appellee Ayse Giray on Lebetkin's claims for breach of contract and *quantum meruit* recovery. Lebetkin also appeals from several discovery rulings and the award of legal fees to Giray. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

Giray was formerly married to the founder and CEO of the Chobani yogurt company. In 2012, Giray contemplated suing her ex-husband for a share of the company. Giray hired Lebetkin as a litigation consultant pursuant to a consulting agreement that promised Lebetkin 3% of any recovery. At the time, Giray and Lebetkin were also in a romantic relationship. The consulting arrangement was troubled from the start, as Lebetkin immediately clashed with Giray's lawyers. The Giray-Lebetkin romance likewise soured, and Giray fired Lebetkin seven weeks after signing the consulting agreement. When Giray settled with her ex-husband three years later, she gave Lebetkin nothing. Lebetkin sued, and the district court granted summary judgment in favor of Giray. The district court also ruled against Lebetkin on several discovery matters. Lebetkin appealed from the entry of summary judgment, resulting in the appeal docketed in No. 20-1374. He separately appealed from the subsequent grant of summary judgment awarding Giray legal fees

2

that she incurred in the first suit pursuant to the consulting agreement. We consolidated the appeals. 2d Cir. Order, No. 20-1374, Dkt. # 133 (Mar. 9, 2021).

"We review orders granting summary judgment de novo and focus on whether the district court correctly concluded that there was no genuine dispute as to any material fact and that the moving party was entitled to judgment as a matter of law." *Chunn v. Amtrak*, 916 F.3d 204, 207 (2d Cir. 2019).[1] We review the district court's discovery rulings for abuse of discretion. *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003). We review a district court's award of attorneys' fees for abuse of discretion. *McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 416 (2d Cir. 2010). In general, we are "very deferential" to the district court's calculation of fee awards, as the district court is "intimately familiar with the nuances of the case, [and] is in a far better position to make such decisions than is an appellate court, which must work from a cold record." *Carco Grp., Inc. v. Maconachy*, 718 F.3d 72, 79, 84 (2d Cir. 2013); *see also Restivo v. Hessemann*, 846 F.3d 547, 589 (2d Cir. 2017) ("Given the district court's inherent institutional advantages in this area, our review of a district court's fee award is highly deferential."). It is undisputed that the consulting agreement is governed by New York law.

### A.    Breach of Contract Claim

Lebetkin's primary claim is that Giray breached the consulting agreement by terminating it soon after signing and by refusing to pay him the 3% fee after settling with her ex-husband. We agree with the district court that (1) the consulting agreement was terminable for good cause;

---

[1]  In quoting from caselaw, we omit internal citations, quotation marks, footnotes, and alterations.

(2) Giray had good cause to terminate Lebetkin's consultancy; and (3) because the consultancy was terminated for cause, he is not entitled to collect his 3% fee.

First, we agree with the district court that the consulting agreement, which provides that it "terminate[s] on the close or termination of [Giray's suit against her former husband] or the close of negotiations and settlement of [said suit]," Joint App'x 175, was an employment contract for a definite duration and thus under New York law was terminable for good cause. *See, e.g.*, *Jones v. Dunkirk Radiator Corp.*, 21 F.3d 18, 22 (2d Cir. 1994) (Under New York law, "[a] contract of employment for a term can be terminated prior to the end of the term only for just cause."). Lebetkin's argument that the agreement is not terminable *at all* because it is titled an "*Independent* Consulting Agreement," and refers to "independent services," Joint App'x 175 (emphasis added), is without merit.

Second, no reasonable juror could find that Giray lacked cause to fire Lebetkin in September 2012. The record is clear that "work[ing] with Giray's attorneys" was one of Lebetkin's "principal services" under the agreement. Joint App'x 272. But, by Lebetkin's own admission, he and his own hand-picked lawyers "quickly disagree[d] on critical case issues" and "engaged in extremely heated discussions and emails," including allegations of misconduct. Joint App'x 118, 120. This breakdown in the relationship between Lebetkin and Giray's attorneys rendered Lebetkin unable to perform his duties under the contract, thus constituting cause for his termination.

Moreover, Lebetkin sent five emails to Giray's attorneys during the month of August 2012 after receiving Giray's express instruction on August 2 "not [to] write anything without my consent and on my behalf" and to "stop emailing [the lawyers] without me seeing them." Joint App'x 209–10 (spelling and spacing corrected). On appeal, Lebetkin effectively concedes that he acted insubordinately, protesting that he was not hired to be a "lackey." Appellant's Br. 34. Lebetkin's

4

repeated insubordination alone gave Giray cause to fire Lebetkin. *See, e.g.*, *Race v. Goldstar Jewellery, LLC*, 84 A.D.3d 1342, 1343, 924 N.Y.S.2d 166, 167 (N.Y. App. Div. 2d Dep't 2011) ("An employer generally has just cause to terminate an employment contract when an employee's continuous refusal to comply with lawful and reasonable directions of an employer reaches such proportions as to be deleterious to the employer's interests, is inconsistent with continuance of the basic employer-employee relationship, and effectively stalls the conduct of important and duly authorized business affairs."); *William Stevens, Ltd. v. Kings Vill. Corp.*, 234 A.D.2d 287, 288, 650 N.Y.S.2d 307, 308 (N.Y. App. Div. 2d Dep't 1996) (granting summary judgment and holding that agent was terminated for cause because it "disobeyed the directions of its principal . . . to pursue a particular course of action").

Last, since Lebetkin was fired for cause, he is not entitled to the fee specified in the agreement. Lebetkin objects based on the agreement's provision that "[n]otwithstanding [the] termination of this Agreement, the fees due to [Lebetkin] hereunder shall be paid according to this Agreement." Joint App'x 175. But the agreement also provides that Lebetkin would "perform and complete" certain work and that "[i]n consideration of the Services performed by [Lebetkin]," he would be paid a fee. *Id.* Since Lebetkin was fired for cause before he completed those services, no fees were "due" to him. Lebetkin counters that his services were substantially performed at the time of his termination because he had assisted Giray in retaining counsel and filing a complaint, but it strains credulity to say that a litigation consultant's work is substantially complete once a complaint is filed. *See Bank of N.Y. Mellon Tr. Co. v. Morgan Stanley Mortg. Capital, Inc.*, 821 F.3d 297, 311 (2d Cir. 2016) ("Substantial performance is performance, the deviations permitted being minor, unimportant, inadvertent, and unintentional."). And while Lebetkin argues that he

5

performed valuable work before his termination, he has not adduced any evidence to that effect. Summary judgment was therefore appropriate on Lebetkin's breach-of-contract claim.

## B. Quantum Meruit Claim

The district court correctly granted summary judgment for Giray on Lebetkin's *quantum meruit* claim as well. "In order to recover in quantum meruit under New York law, a claimant must establish (1) the performance of services in good faith, (2) the acceptance of the services by the person to whom they are rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services." *Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168, 175 (2d Cir. 2005). Lebetkin adduced no evidence on the nature, quantity, or quality of the work that he did or on the value of his services, nor did he proffer any expert testimony on the subject. Indeed, Lebetkin's opposition brief before the district court did not mention *quantum meruit* at all. Lebetkin's argument that he did not have to produce such evidence because Giray did not specifically ask for it in discovery is without merit. *See Gemmink v. Jay Peak Inc.*, 807 F.3d. 46, 48 (2d Cir. 2015) ("[When] the party opposing summary judgment bears the burden of proof at trial, summary judgment should be granted if the moving party can point to an absence of evidence to support an essential element of the nonmoving party's claim."). Summary judgment on this claim is therefore appropriate.

## C. Discovery Rulings

Lebetkin also challenges three discovery orders entered by the district court: (1) a June 28, 2019 order denying discovery into financial dealings between Giray and non-party Adile Batuk;

(2) a July 16, 2019 order denying a request to depose non-party Shifra Bronznick; and (3) a November 18, 2019 order denying a request to reopen discovery.

We agree with the district court that Lebetkin had not shown that the Batuk discovery was relevant. In any event, Lebetkin's request was untimely: The district court ordered Lebetkin to file his request by June 12, 2019, but Lebetkin did not do so until two weeks later, on June 27. It was likewise within the district court's discretion to deny the Bronznick request because, despite Lebetkin's having known this witness from the beginning of the litigation, he did not seek to depose her until four days before the close of discovery. Finally, we find no error in the denial of Lebetkin's motion to reopen discovery. Lebetkin sought, among other things, to retake Giray's deposition because an inmate in a Florida jail—who was awaiting trial for allegedly trying to kidnap Giray—wrote to Lebetkin's counsel that he had information relevant to the case. Since discovery had already closed and Giray's motion for summary judgment was fully briefed, it was within the district court's discretion to deny the request to reopen discovery.

### D. Amount of Fee Award

Lebetkin challenges the district court's award of fees to Giray in the amount $263,820. In determining an amount to award for attorney's fees, a court should calculate a "presumptively reasonable" fee based on a reasonable number of hours expended and a "reasonable hourly rate, taking account of all case-specific variables." *Lilly v. City of New York*, 934 F.3d 222, 229-30 (2d Cir. 2019). A reasonable hourly rate is "the rate a paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. City of Albany*, 522 F.3d 182, 189-90 (2d Cir. 2008). Private parties "may agree by contract to permit recovery of attorneys' fees, and a federal court will enforce contractual rights to attorneys' fees if the contract is valid under applicable state law." *McGuire v. Russell Miller, Inc.*, 1 F.3d 1306, 1313 (2d Cir. 1993).

7

The consulting agreement between Lebetkin and Giray provided that "[i]n any action or proceeding to enforce rights under this Agreement, the prevailing party will be entitled to recover costs and attorneys [sic] fees." Joint App'x 56.[2] Lebetkin does not dispute that Giray was the prevailing party in this action, nor does he argue that the $500 hourly rate charged by her attorneys was unreasonable. Instead, Lebetkin maintains that the time entries and invoices submitted by Giray's attorneys were inconsistent and duplicative, and therefore fail to support the fees awarded. Appellant's Br. at 15-24.

This argument is unavailing. Giray's submissions to the district court adequately accounted for those purported discrepancies. Joint App'x 197-98. Furthermore, the district court, having observed the case from its inception, independently determined that the hours spent by Giray's counsel were reasonable in relation to the "nature and complexity of the work required to defend against Lebetkin's claims." Joint App'x 197; *see Perez v. Westchester Cty. Dep't of Corr.*, 587 F.3d 143, 156 (2d Cir. 2009) (finding no abuse of discretion when the district court did not reduce a fee award for work that the defendants claimed was "duplicative, redundant," or "excessive," because the expenses were warranted in relation to the case).

Lebetkin also submits that, because Giray did not enter into a retainer agreement with her attorneys but rather attested to an oral agreement in support of the $500 hourly fee, she (and through her, her attorneys) should be able to recover only in *quantum meruit*. Appellant's Br. 11-14. According to Lebetkin, the district court therefore erred in its manner of calculating a "reasonable" fee. Appellant's Br. 13.

We are not persuaded. Each of the cases Lebetkin cites in support of his argument relates to

---

[2] In Section D of this Summary Order, appendix and brief citations refer to the Joint Appendix and briefs submitted in No. 20-4229.

8

a suit between an attorney and client or between successive attorneys representing the same party seeking to recover in the absence of a either a retainer agreement or fee-sharing agreement. *See, e.g.*, *Grossbarth v. Dankner, Milstein & Ruffo, P.C.*, 157 A.D.3d 681, 682, 68 N.Y.S.3d 528, 530 (N.Y. App. Div. 2d Dep't 2018) (applying *quantum meruit* in suit between attorneys who represented one party without fee-sharing agreement); *Balestriere PLLC v. BanxCorp*, 96 A.D.3d 497, 498, 947 N.Y.S.2d 7, 8 (N.Y. App. Div. 1st Dep't 2012) (attorney who was terminated without cause entitled to recover in *quantum meruit* for three years of past work); *Nabi v. Sells*, 70 A.D.3d 252, 254, 892 N.Y.S.2d 41, 43 (N.Y. App. Div. 1st Dep't 2009) (applying *quantum meruit* valuation in suit for fees between attorney and client).

These cases have no bearing on a fee reimbursement award to a prevailing party made pursuant to contract or statute. *See Carco Grp., Inc.*, 718 F.3d at 86 (applying lodestar method to fee award made pursuant to contract); *Restivo*, 846 F.3d at 589 (lodestar method properly applied to fee award under Section 1988). We therefore find no error in the district court's use of the lodestar approach—that is, an award made by determining a reasonable number of hours for the work done multiplied by a reasonable hourly rate—to calculate its fee award to Giray here. We therefore affirm.

We have reviewed Lebetkin's remaining arguments and find in them no basis for reversal. For the foregoing reasons, the judgment and orders of the district court are **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk
