Malloy v Reliable Power Alternatives Corp. (2024 NY Slip Op 00622)

Malloy v Reliable Power Alternatives Corp.

2024 NY Slip Op 00622

Decided on February 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2020-03578
 (Index No. 605623/15)

[*1]James Malloy, appellant, 
v
Reliable Power Alternatives Corp., respondent.

Michael H. Zhu, Esq., P.C., New York, NY, for appellant.
Forchelli Deegan Terrana LLP, Uniondale, NY (Elbert F. Nasis and Danielle E. Tricolla of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Timothy S. Driscoll, J.), entered March 9, 2020. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging breach of contract and granted the defendant's cross-motion for summary judgment dismissing the complaint and on the issue of liability on the third counterclaim.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the defendant's cross-motion for summary judgment dismissing the complaint and on the issue of liability on the third counterclaim, and substituting therefor a provision denying the cross-motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.
The plaintiff commenced this action against the defendant, inter alia, to recover damages for breach of contract. The complaint sets forth that the plaintiff entered into an "independent agent agreement" (hereinafter the agreement) with the defendant, an energy consulting services company, to act as an independent agent to solicit accounts with commercial customers. The complaint alleges that the plaintiff's commissions were withheld in bad faith based upon a nonexistent pretextual termination of the agreement "for cause" and that the plaintiff is owed commissions plus attorneys' fees under a provision in the agreement providing that, in the event either party prevailed in a legal action to enforce the agreement, that party would be entitled to receive from the other party all costs and reasonable attorneys' fees. The defendant joined issue by service of an answer, asserting, among other things, a counterclaim for an award of attorneys' fees pursuant to the agreement (third counterclaim).
Following the completion of discovery, the plaintiff moved, inter alia, for summary judgment on the issue of liability on the cause of action alleging breach of contract. The defendant cross-moved for summary judgment dismissing the complaint and on the issue of liability on the third counterclaim. The Supreme Court denied that branch of the plaintiff's motion and granted the defendant's cross-motion. The plaintiff appeals.
Section 10(a) of the agreement provided for termination by the defendant "upon 30 days written notice if, in [the defendant's] reasonable judgment, Independent Agent fails to meet any of the standards set out in section 4 of this Agreement or for cause as customarily defined." In a letter dated February 27, 2014, the defendant terminated the agreement with the plaintiff "for cause" [*2]pursuant to section 10(a) on the basis of the plaintiff's purported violations of unspecified subsections of section 4 of the agreement and his "continued and increasingly insubordinate, uncooperative behavior in failing and refusing to follow the directives of . . . management" and "insubordinate tone and aggressive posture." Section 4 of the agreement set forth the plaintiff's performance requirements, including, among other things, that the plaintiff make no representations or warranties related to the defendant and its services except as permitted by the defendant, contribute to a sales effort for a customer as reasonably requested by the defendant, and reasonably maintain a level of activity and present opportunities for new customers on an ongoing basis.
Contrary to the plaintiff's contention, the Supreme Court properly denied that branch of his motion which was for summary judgment on the issue of liability on the cause of action alleging breach of contract. The plaintiff, as the movant, failed to meet his prima facie burden of demonstrating his entitlement to judgment as a matter of law by tendering sufficient evidence to demonstrate that the defendant improperly terminated the agreement "for cause" (see Zuckerman v City of New York, 49 NY2d 557, 562; William Stevens, Ltd. v Kings Vil. Corp., 234 AD2d 287, 288; see also Ayers v City of Mount Vernon, 176 AD3d 766, 769-770).
However, the Supreme Court should have denied that branch of the defendant's cross-motion which was for summary judgment dismissing the complaint. On this record, the defendant failed to eliminate numerous triable issues of fact, including, among other things, whether the plaintiff was insubordinate or violated section 4 of the agreement and whether the defendant properly terminated the agreement pursuant to section 10(a) (see Zuckerman v City of New York, 49 NY2d at 562; Williams Stevens, Ltd. v Kings Vil. Corp., 234 AD2d at 288). Moreover, in light of the foregoing determination, inasmuch as the defendant failed to demonstrate that it prevailed in this action to enforce the agreement, that branch of its cross-motion which was for summary judgment on the issue of liability on the third counterclaim should also have been denied (see Integrity Real Estate Consultants v Re/Max of N.Y., Inc., 213 AD3d 815, 819-820).
BRATHWAITE NELSON, J.P., CHAMBERS, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court