Gentile v 2400 Johnson Ave. Owner, Inc. (2024 NY Slip Op 00863)

Gentile v 2400 Johnson Ave. Owner, Inc.

2024 NY Slip Op 00863

Decided on February 20, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 20, 2024

Before: Singh, J.P., Moulton, Gesmer, Mendez, Rodriguez, JJ. 

Index No. 807753/22 Appeal No. 1593-1594 Case No. 2023-05222, 2023-05476 

[*1]Paul T. Gentile et al., Plaintiffs-Appellants,
v
2400 Johnson Avenue Owner, Inc., et al., Defendants-Respondents, John Doe Nos. 1-10, Defendants.

Paul T. Gentile, P.C., Bronx (Paul T. Gentile of counsel) and Haynes and Boone, LLP, New York (Justin R. Bonanno of counsel), for appellants.
Kagan Lubic Lepper Finkelstein & Gold, LLP, New York (Andrew I. Bart of counsel), for respondents.

Order, Supreme Court, Bronx County (Naita A. Semaj, J.), entered on or about July 28, 2023, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion to disqualify defendants' counsel, and granted defendants' cross-motion to dismiss the complaint under CPLR 3211(a)(7) and 3212 as against defendant Board of Directors of 2400 Johnson Avenue Owners, Inc. (the board) and individual defendants Laura Fieber, James F. McShane, David Kahn, Jim Corollo, and Biswa Bhowmick (together with the board, the board defendants), unanimously modified, on the law, to the extent of denying defendants' cross-motion to dismiss the complaint as against the board defendants, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered on or about September 22, 2023, which denied plaintiffs' motion to reargue defendants' cross-motion, unanimously dismissed, without costs, as taken from a nonappealable paper.
Plaintiffs, who are shareholders in defendant cooperative, stated a cause of action for retaliation under Real Property Law § 223-b by pleading that the board defendants issued a notice of default just five weeks after plaintiffs complained about the quality of the water in their apartments (Real Property Law § 223-b[1] ["[n]o landlord . . . shall serve a notice to quit upon any tenant . . . in retaliation for" good-faith complaints regarding health, safety, the warranty of habitability, or the duty to repair or "[a]ctions taken in good faith . . . to secure or enforce any rights" under to the lease, the warranty of habitability, or the duty to repair]).
Plaintiffs also properly stated a cause of action for breach of fiduciary duty by pleading that the board defendants owed them a fiduciary duty, that the board defendants engaged in misconduct by failing to investigate or address plaintiffs' complaints and retaliating against them, and that plaintiffs suffered damages by reason of that misconduct (see Burry v Madison Park Owner LLC, 84 AD3d 699, 699-700 [1st Dept 2011]).
In support of their summary judgment motion seeking dismissal as against the board defendants of plaintiffs' fourth cause of action for retaliation and fifth cause of action for breach of fiduciary duty, the board defendants argued that they sent the notice of default for reasons related to a refinancing and also sent the notice to a shareholder-tenant other than plaintiffs. They further claimed that they had taken steps to address plaintiffs' concerns about water quality in residents' apartments. However, their cross-motion was supported only by their attorney's affirmation and did not include an affidavit by a person with personal knowledge (CPLR 3212[b]). Furthermore, defendants failed to submit any evidence in admissible form in support of their cross-motion. The copy of a drinking water test report attached to counsel's affirmation was not qualified as a business record or otherwise in admissible form and was thus hearsay. Defendants did [*2]not attach any documentation at all regarding the notices of default allegedly sent. Accordingly, defendants failed to make a prima facie showing of entitlement to summary judgment dismissing plaintiffs' fourth and fifth causes of action (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]) .
Plaintiffs did not oppose the portion of the cross-motion seeking dismissal of the cause of action seeking inspection of books and records, and their arguments on appeal are therefore unpreserved for review (see Howard v Turner Constr. Co., 134 AD3d 523, 524 [1st Dept 2015]).
Finally, Supreme Court providently exercised its discretion in denying plaintiffs' motion seeking to disqualify defendants' counsel, as it was based only on speculation that conflicts might arise (see Matter of Kaufman v Tudor Realty Servs. Corp., 4 AD3d
212, 213 [1st Dept 2004], lv denied 3 NY3d 604 [2004]).
We have considered plaintiffs' remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT. 
ENTERED: February 20, 2024